CONFERENCE OF FEDERAL SAVINGS AND LOAN ASSOCIATIONS, a California Corporation; and Alameda Federal Savings and Loan Association; Bay View Federal Savings and Loan Association; California Federal Savings and Loan Association; Coast Federal Savings and Loan Association; Eureka Federal Savings and Loan Association; First Federal Savings and Loan Association of San Diego; First Federal Savings and Loan Association of Santa Monica; First Federal Savings and Loan Association of South Pasadena; Home Federal Savings and Loan Association of San Diego; Orange Belt Federal Savings and Loan Association; Pacific Federal Savings and Loan Association; Peoples Federal Savings and Loan Association; Pomona First Federal Savings and Loan Association; Provident Federal Savings and Loan Association of Riverside; Redlands Federal Savings and Loan Association; Republic Federal Savings and Loan Association; San Francisco Federal Savings and Loan Association; Santa Fe Federal Savings and Loan Association; The Heart Federal Savings and Loan Association; and Western Federal Savings and Loan Association, each of which is an association organized and operating as an instrumentality of the United States of America pursuant to Section 5(a) of the Home Owners' Loan Act of 1933, as amended [12 U.S.C. § 1464(a)], Plaintiffs,

v.

Alan L. STEIN, Successor in Office to Richard T. Silberman, as Secretary of the Business and Transportation Agency of the State of California; and the Federal Home Loan Bank Board, Defendants.

Civ. No. S 78–55–PCW.

United States District Court,
E. D. California.

Nov. 2, 1979.

G. Howden Fraser, McKenna & Fitting, Los Angeles, Cal., for plaintiffs.

Joseph M. O'Heron, Deputy Atty. Gen., Richard M. Mosk, Los Angeles, Cal., for defendant and cross-defendant Secretary of the Business and Transp. Agency of the State of California.

Harvey Simon, Asst. Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for defendant and cross-claimant Federal Home Loan Bank Bd.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILKINS, Chief Judge.

On August 20, 1979, hearings were held before the Honorable Philip C. Wilkins, Judge of the United States District Court for the Eastern District of California, on various Motions of the parties to the above entitled action and cross-action, namely:

    1. Plaintiffs' Motion For Summary Judgment on Behalf of Plaintiffs, [F.R. C.P. Rule 56], dated March 8, 1979;

    2. Defendant and cross-claimant's Motion For Summary Judgment on Behalf of Defendant and Cross-Claimant Federal Home Loan Bank Board, dated March 22, 1979; and

    3. Defendant's Motion for Equitable Abstention, dated June 18, 1979.

Terry O. Kelly, Esq., of the law firm of McKenna & Fitting, appeared at such hearing on behalf of plaintiffs; Richard M. Mosk, Esq., of the law firm of Mitchell, Silberberg & Knupp, W. Gary Kurtz, Esq., of the law firm of Lipofsky & Schulman, Inc., and Joseph M. O'Heron, Esq., Deputy Attorney General of the State of California, appeared thereat on behalf of the defendant and cross-defendant Secretary of the Business and Transportation Agency of the State of California; and Harvey Simon, Esq., Assistant General Counsel of the Federal Home Loan Bank Board, appeared thereat on behalf of the defendant and cross-claimant Federal Home Loan Bank Board.

The Court, having read the memoranda submitted by the parties on such motions and having heard argument by counsel, thereafter orally announced its intended decision to grant the aforementioned Motions of plaintiffs and of defendant and cross-claimant Federal Home Loan Bank Board, and to deny the aforementioned Motion of defendant and cross-defendant.

In accordance with such announcement of intended decision, and otherwise being fully advised in the premises, this Court now hereby makes its Findings of Fact and Conclusions of Law in the premises as follows:

### FINDINGS OF FACT

1. For purposes of these Findings of Fact and the following Conclusions of Law based thereon:

(a) "Conference" shall mean plaintiff Conference of Federal Savings and Loan Associations;

(b) "Plaintiff Federal associations" shall mean those Federal savings and loan associations hereinabove named as plaintiffs and those other Federal association members of the Conference which have their principal offices and operations within California and which are not hereinabove named as plaintiffs;

(c) "Secretary" shall mean the Secretary of the Business and Transportation Agency of California, who at the time of commencement of this action was defendant and cross-defendant Richard T. Silberman;

(d) "Bank Board" shall mean defendant and cross-claimant Federal Home Loan Bank Board;

(e) "HOLA" shall mean the Home Owners' Loan Act of 1933 as amended (12 U.S.C.A. § 1461 et seq.);

(f) A "due-on-sale" clause shall mean a provision in a loan instrument which provides the lender an option to declare immediately due and payable all of the sums owed to the lender if all or any part of the real property securing the loan is sold or otherwise transferred by the borrower without the lender's prior consent.

2. The Conference sues defendants herein on behalf of itself as a trade association and for the benefit of its Federal association members having their principal offices and operations in California.

3. At all times relevant hereto, each of the plaintiff Federal associations was, and now is, (i) a Federally-chartered savings and loan association organized and existing under and pursuant to HOLA and the various regulations promulgated thereunder, and (ii) subject to the continuing supervision and directives of the Bank Board.

4. At all times relevant hereto, the Secretary had, and now has, (i) control and supervision of the California Department of Savings and Loans and of the formation and operation of California state-chartered savings and loan associations, and (ii) is charged with the responsibility for enforcing the California statutes relating to state-chartered savings and loan associations.

5. At all times relevant hereto, the Bank Board was, and now is, (i) a Federal agency and instrumentality, and (ii) under Federal law, and specifically HOLA, exercising plenary supervisory and regulatory authority over the operations of Federally-chartered savings and loan associations.

6. At all times relevant hereto, and since 1948, there has existed a federal regulation requiring federal savings and loan associations to use and employ mortgage loan contracts which provide for the "full protection" of such associations; and, at all times since June 8, 1976, such a "full protection" provision has been found in 12 C.F.R. § 545.6–11(a).

7. At all times relevant hereto, the Federal Home Loan Bank Board has concluded that the ability to include "due-on-sale" clauses in the mortgage loan documents of Federal savings and loan associations, as well as the ability to use and exercise such due-on-sale" clauses when included in such mortgage loan documents, is necessary for the "full protection" of such Federal savings and loan associations.

8. On or about July 30, 1975, pursuant to an order of the United States District Court for the Central District of California entered in the case entitled *Eric R. Schott v. Mission Federal Savings and Loan Association, et al.*, Civ. 75–366–WMB, U.S.D.C. C.D.Cal., the Bank Board issued an Advisory opinion (Bank Board Resolution No. 75–647; hereinafter the "*Schott* Opinion"). The *Schott* Opinion found that Federal law exclusively governs the validity of due-on-sale clauses in the loan instruments of Fed-

eral savings and loan associations in California and that such Federal associations are not required to comply with California law with respect to such due-on-sale clauses.

9. On January 14, 1976, the Secretary commenced Civil Action No. C 147921 (entitled *"People of the State of California, etc. v. Glendale Federal Savings and Loan Association, et al."*) in the Superior Court of the State of California for the County of Los Angeles against Glendale Federal Savings and Loan Association ("Glendale Federal"), a Federally-chartered savings and loan association doing business in the State of California and a member of the Conference, to obtain declaratory and injunctive relief against Glendale Federal for its alleged non-compliance with the California law and regulation with respect to the validity and exercisability of due-on-sale clauses.

10. On or about June 8, 1976, the Bank Board promulgated a Federal regulation (12 C.F.R. § 545.6–11(f) and (g)) expressly authorizing Federal associations to use and exercise due-on-sale clauses in their mortgage loan contracts exclusive of restrictions by state law. Said regulation expressly states that Federal associations "continue to have the power to include" due-on-sale clauses in their mortgage loan instruments.

11. 12 C.F.R. § 545.6–11(f) was promulgated by the Bank Board for the purpose of clarifying the pre-existing Federal law with respect to the validity and enforceability of due-on-sale clauses in the loan instruments of Federally-chartered savings and loan associations. The Bank Board's purpose and intent is clearly demonstrated by the language of the regulation.

12. There is, with respect to the regulation of due-on-sale clauses in the loan instruments of Federally-chartered savings and loan associations, a pervasive scheme of Federal regulation as well as a great need for national uniformity.

13. On or about November 7, 1978, in *Glendale Federal Savings and Loan Association v. Fox et al.*, 459 F.Supp. 903, the United States District Court for the Central District of California granted a partial summary judgment in favor of the Bank Board and Glendale Federal and against the Secretary. Thereafter, on June 21, 1979, the Court entered final judgment in favor of the Bank Board and Glendale Federal and against the Secretary.

14. A continuing, actual and bona fide controversy exists between the plaintiffs, the Secretary and the Bank Board concerning whether the Secretary has the power and authority to supervise and regulate, and to enforce supervision and regulation, of the due-on-sale clauses and practices of the plaintiff Federal associations and, further, concerning whether the plaintiff Federal associations must comply with California statutes and law with respect to the validity and exercisability of due-on-sale clauses.

15. There is no just reason for this Court to exercise its discretion to abstain from determining this controversy and a sound basis exists for the Court to go forward at this time.

16. An immediate declaration of the Bank Board and the plaintiff Federal associations' respective rights and duties in the premises of the conflicting claims and contentions of law and of regulatory and supervisory authority being made by and between the Secretary and the Bank Board in respect to the due-on-sale clauses and practices of the plaintiff Federal associations is required in order to prevent substantial and continuing burden and uncertainty to the plaintiff Federal associations in the conduct of their respective businesses and, further, to prevent interference with the Bank Board's regulation of due-on-sale clauses and practices of the plaintiff Federal associations.

17. The Bank Board is a party to this action which, by its cross-claim herein, is asserting "superior federal interests" within the meaning of *First Federal Savings and Loan Association of Boston v. Greenwald*, 591 F.2d 417 (1st Cir. 1979). *See also, Rath Packing Company v. Becker*, 530 F.2d 1295 (9th Cir. 1975).

18. Any finding of fact herein which is actually a conclusion of law shall be deemed to be a conclusion of law.

## CONCLUSIONS OF LAW

1. The controversy described in Finding of Fact No. 14 is one arising under HOLA. HOLA is an Act of Congress regulating commerce within the meaning of 28 U.S.C. Section 1337.

2. This Court has subject matter jurisdiction over the Complaint herein under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1337.

3. This Court has both ancillary and independent jurisdiction over the Cross-claim herein under 28 U.S.C. Section 1331, 28 U.S.C. Section 1337 and 28 U.S.C. Section 1345. The Bank Board is authorized to prosecute its Cross-claim herein under Section 5(d)(1) of HOLA.

4. The Conference is a proper party plaintiff to this action and has standing to bring and prosecute this action on behalf of itself and for the benefit of its Federal association members having their principal offices and operations in California.

5. The plaintiffs and the Bank Board are entitled to a declaratory judgment against the Secretary in respect to the controversy described in Finding of Fact No. 14.

6. The Secretary is estopped from relitigating in this Court the issue of whether Federal law, including specifically 12 C.F.R. § 545.6–11(f) and (g), exclusively governs the validity and exercisability of due-on-sale clauses included in the loan instruments of Federally-chartered savings and loan associations executed on or after June 8, 1976. *Glendale Federal Savings and Loan Association v. Fox*, 459 F.Supp. 903 (C.D.Cal.1978).

7. The Secretary is estopped from relitigating in this Court the issue of whether California law on the validity and exercisability of due-on-sale clauses is applicable to the loan instruments of Federally-chartered savings and loan associations executed on or after June 8, 1976. *Glendale Federal Sav-*

*ings and Loan Association v. Fox*, 459 F.Supp. 903 (C.D.Cal.1978). See also, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

8. The Congress of the United States in HOLA granted to the Bank Board plenary powers to provide, under such rules and regulations as the Bank Board may prescribe, for the organization, incorporation, operation, examination, and regulation of the plaintiff Federal associations and the Congress directed the Bank Board to give primary consideration to the best practices of local mutual thrift and home financing institutions in the United States. 12 U.S.C. Section 1464(a). *Meyers v. Beverly Hills Savings and Loan Association*, 499 F.2d 1145 (9th Cir. 1974).

9. The language, history and structure of HOLA evidence a clear Congressional intent to delegate to the Bank Board, the exclusive authority to regulate the lending practices of the plaintiff Federal associations and the regulations of the Bank Board have the full force and effect of law. *Meyers v. Beverly Hills Savings and Loan Association*, 499 F.2d 1145 (9th Cir. 1974); *Glendale Federal Savings and Loan Association v. Fox*, 459 F.Supp. 903 (C.D.Cal.1978).

10. It was the intent of Congress that Federal law and regulation exclusively govern the validity and exercisability of due-on-sale clauses in the loan instruments of Federally-chartered savings and loan associations. *Glendale Federal Savings and Loan Association v. Fox*, 459 F.Supp. 903 (C.D. Cal.1978) and *Nalore v. San Diego Federal Savings and Loan Association*, Civil No. 77–0660–N. See also, *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978).

11. 12 C.F.R. § 545.6–11(f) and (g) are Federal regulations which have the force and effect of law and which exclusively govern the validity and exercisability of due-on-sale clauses in loan instruments of the plaintiff Federal associations which were executed on and after June 8, 1976.

12. Previous interpretations of law by the Bank Board, including the *Schott* Opin-

ion, are consistent with and restate the pre-existing Federal law with respect to due-on-sale clauses and practices.

13. The *Schott* Opinion is an interpretation of a regulation by an administrative agency, is wholly consistent with the regulation (12 C.F.R. § 545.6–11(a)) and is not plainly erroneous. It is therefore entitled to controlling weight in this Court. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

14. Federal law exclusively governs the validity and exercisability of due-on-sale clauses included in the loan instruments of Federally-chartered savings and loan associations whether such instruments were executed before or after the effective date of 12 C.F.R. § 545.6–11(f) and (g).

15. The Bank Board's exercise of its plenary regulatory power granted by Congress under HOLA preempts legislation by the State of California which attempts to subject Federal savings and loan associations in California to state law and regulation in the area of due-on-sale clauses and practices.

16. California law with respect to the validity and exercisability of due-on-sale clauses in the loan instruments of the plaintiff Federal associations is inapplicable whether such instruments were executed before or after the effective date of 12 C.F.R § 545.6–11(f) and (g).

17. The Secretary has no power or authority to require or enforce compliance by the plaintiff Federal associations with California statutes and law relating to due-on-sale clauses and practices.

18. In light of this Court's granting summary judgment to plaintiffs and to the Bank Board in respect to the controversy described in Finding of Fact No. 14 and this Court's directing entry of a final judgment thereon, the preliminary injunction requested by the Bank Board in its cross-claim is unnecessary.

19. Any conclusion of law herein which is actually a finding of fact shall be deemed to be a finding of fact.

20. Let final judgment in favor of the plaintiffs and the Bank Board and against the Secretary be entered in accordance herewith.