Ned I. PRICE, et ux., Plaintiffs,

v.

**FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

No. 79–974–Civ–J–M.

United States District Court,
M. D. Florida,
Jacksonville Division.

Sept. 1, 1981.

Barry L. Zisser, Jacksonville, Fla., for plaintiffs.

Stephen C. Chumbris, St. Petersburg, Fla., Marshall W. Liptak, Jacksonville, Fla., for defendant.

## OPINION AND ORDER

MELTON, District Judge.

This cause came before the Court upon the parties' cross-motions for summary judgment. There are no material issues of fact in dispute. The parties agree that in August 1979, plaintiffs Ned and Roberta Price purchased real property from Arthur and Roslyn Averbrook. The plaintiffs sought permission from defendant Florida Federal Savings and Loan Association (Florida Federal), the mortgagor, to assume the Averbrook's mortgage, at the same interest rate that the Averbrooks were paying. Florida Federal rejected the plaintiffs' request. It demanded that either the plaintiffs assume the mortgage at a higher interest rate or that they immediately repay the balance of the existing mortgage. Thereafter, plaintiffs executed and delivered to the defendant a mortgage modification agreement. The complaint seeking declaratory and injunctive relief was filed by plaintiffs in state court on October 15, 1979. The suit was subsequently removed to federal court where the defendant filed a counterclaim which also sought declaratory relief.

The Averbrook's mortgage contains what is popularly referred to as a "due-on-sale clause." This clause provides:

TRANSFER OF THE PROPERTY; ASSUMPTION. *If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent*, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or

(d) the grant of any leasehold interest of three years or less not containing an option to purchase. *Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable.* Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Mortgage and Note.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender, may without further notice or demand on Borrower, invoke any remedies permitted by paragraph 18 hereof. (emphasis added)

The issue for the Court to decide in this case can be simply stated: whether the "due-on-sale clause" found in paragraph 17 of the agreed upon mortgage contract is enforceable under federal law. Defendant, who was a party to the mortgage agreement, wishes to enforce its rights under paragraph 17 in accordance with the language of the agreement. Plaintiffs, who were not parties to the mortgage agreement, but who wish to take advantage of the favorable interest rate contained in the Averbrook's mortgage, seek to invalidate paragraph 17.

The Federal Home Loan Bank Board (the Board) was created by the Federal Home Loan Bank Act of 1932 to establish and supervise a national system of federal home loan banks, including federal savings and loan associations. *Gulf Fed. S. & L., etc. v. Federal Home Loan Bank Bd.,* 651 F.2d 259, 262 (5th Cir. 1981). The Board is authorized to issue and enforce regulations governing the management of these institutions. *Id.* Since Florida Federal is a federally chartered savings and loan association, it is regulated by the Board. The congressional purpose in giving the Board the authority to issue and enforce its own regulations "was to guarantee the existence of a national system of stable home financing institutions." *Id.* Regulations promulgated by the Board and contained in the Code of Federal Regulations (CFR) specifically authorized federally chartered savings and loan associations, such as Florida Federal, to include in their mortgage agreements provisions similar to paragraph 17. *See* 12 C.F.R. § 545.8–3(f) and (g) (1980).

■ Judge Lynn C. Higby of the Northern District of Florida recently considered issues identical to those presented in this case. Judge Higby concluded that a due-on-sale clause conforming with Board regulations is enforceable under federal law. Judge Higby reasoned that:

[t]he plain words of the [Board's] regulation alone should make clear the federally guaranteed right of the [bank] in the cases to exercise the due-on-sale clause unless the assuming property buyers accept a new interest rate. The regulation states a savings and loan association may include a due-on-sale clause in its contract with the borrower. And it states exercise of the option will be governed by the contract. As previously noted the contracts in these cases plainly state acceptance in writing of an interest rate acceptable to the association may be required before the association waives its right to accelerate under the due-on-sale clause upon sale. The contracts are in complete compliance with the regulation.

*First Federal S. & L. of Gadsden County v. Peterson,* 516 F.Supp. 732, 738 (N.D.Fla. 1981). Similarly, the Court finds the con-

tract in the instant case to be in complete compliance with the Board's regulation. Florida Federal in its contract with the original borrowers was expressly given the right to, at its option, declare immediately due and payable the full mortgage amount when the property was sold or transferred without its prior written consent.

The Court further finds that the Board's action with respect to due-on-sale clauses written into federal savings and loan contracts is preemptive of state regulation, whether legislatively or judicially grounded. "The language, history, structure and purpose of the Home Owners' Loan Act [of 1933] evidence a clear Congressional intent to delegate to the Bank Board complete authority to regulate federal savings and loan associations and to preempt state regulation." *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F.Supp. 903, 910 (C.D.Cal.1978).

At least eight other United States district courts have found state rules concerning due-on-sale clauses preempted by the Federal Home Loan Bank Board regulations with respect to federal savings and loan institutions. *See First Federal S. & L. Ass'n of Gadsden County v. Peterson*, 516 F.Supp. 732 (N.D.Fla.1981); *Williams v. First Federal S. & L. Ass'n of Arlington*, 500 F.Supp. 307 (E.D.Va.1980), *aff'd* 651 F.2d 910 (4th Cir. 1981); *First Federal S. & L. Ass'n of Phoenix v. Development & Management Enterprises, Inc.*, No. 79–880 PHX–EHC (D.Ariz. April 2, 1981); *Dantus v. First Federal S. & L. Ass'n of Denver*, 502 F.Supp. 658 (D.Colo.1980); *Great Western Union Fed. S. & L. Ass'n v. Walters*, No. C79–906V (W.D.Wash. June 18, 1980); *Conference of Federal S. & L. Ass'ns v. Stein*, 495 F.Supp. 12 (E.D.Cal.1979); *Nalore v. San Diego Federal S. & L. Ass'n*, No. 77–0660–N (S.D.Cal. July 12, 1979); *Bailey v. First Federal S. & L. Ass'n of Ottawa*, 467 F.Supp. 1139 (C.D.Ill.1979); *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F.Supp. 903 (C.D.Cal.1978), *partial summary judgment made final*, 481 F.Supp. 616 (C.D.Cal. 1979). There are no federal court decisions to the contrary.

Since the Court would require the lending institution to fulfill its obligations under the mortgage, so must the Court require a borrower, or a party deriving rights from a borrower, to carry out the contractual provisions agreed to *voluntarily*. There is no injustice in the Court's finding that under federal law due-on-sale clauses are legitimate contractual matters to be decided between the lending institution and the borrower. In return for the lending institution providing funds enabling the buyer to purchase a home, the buyer accepted certain conditions. In the instant case, borrowers agreed that upon their selling the property, Florida Federal acquired certain rights. Those rights should be enforced.

It is therefore

ADJUDGED:

1. That plaintiffs motion for summary judgment is denied.

2. That defendant's motion for summary judgment is granted. Judgment will be entered for the defendant and against the plaintiffs upon the plaintiffs' complaint and each count thereof and upon the defendant's counterclaim.

### JUDGMENT

Pursuant to the opinion and order of this date, it is

ADJUDGED:

1. Judgment is hereby entered for the defendant and against the plaintiffs upon the plaintiffs' complaint and each count thereof and upon the defendant's counterclaim.

2. That the "due-on-sale clause" contained in paragraph 17 of the mortgage held by defendant Florida Federal Savings and Loan Association is declared to be valid and enforceable.

3. That the Mortgage Modification Agreement entered into by the parties is declared to be valid and enforceable.