Stephen Z. MEYERS et al., Plaintiffs-Appellants,

v.

BEVERLY HILLS FEDERAL SAVINGS & LOAN ASS'N. et al., Defendants-Appellees.

No. 72-2178.

United States Court of Appeals, Ninth Circuit.

July 1, 1974.

Stephen Z. Meyers (argued) of Meyers & Jacoby, Los Angeles, Cal., for plaintiffs-appellants.

William F. McKenna (argued) of McKenna & Fitting, Los Angeles, Cal., William W. Berryhill, Glendale, Cal., Harold W. Davidson of Davidson Baker, & Davidson, Alhambra, Cal., Joel H. Jubelier of Hill, Farrer & Burrill, Dennis E. Golob of Greenberg, Bernhard, Weiss, & Karma, Inc., Los Angeles, Cal., for defendants-appellees.

Before DUNIWAY and TRASK, Circuit Judges, and SHARP,[*] District Judge.

OPINION

DUNIWAY, Circuit Judge:

This is an appeal from the district court's judgment dismissing appellants' action for failure to state a claim upon which relief can be granted. We affirm.

Appellants, purporting to sue on behalf of themselves and a class of persons similarly situated, filed this action in 1971 in California Superior Court, Los Angeles County, against 26 named defendants, 18 of which were alleged to be state chartered savings and loan associations and 8 of which—the present appellees—are federally chartered savings and loan associations. The complaint challenged the validity of certain prepayment penalty provisions in the loan agreements customarily entered into by appellees with borrowers in connection with real estate loans. These provisions fix the amount of money to be paid by the borrower in the event that the loan is paid off before its normal maturity

---

[*] The Honorable Morrell E. Sharp, United States District Judge for the Western District of Washington, sitting by designation.

date. Appellants alleged that these provisions were void under California Civil Code § 1670[1] and were not valid liquidated damage provisions under California Civil Code § 1671.[2] They sought both a declaration that the prepayment penalty provisions violate § 1670 and damages.

The action was removed to federal district court upon petition by the original defendants, pursuant to 28 U.S.C. § 1441(b), on the ground that appellants' action raised questions involving the interpretation of federal statutes. Appellants moved to remand. The district court severed appellants' claims against the state chartered savings and loan associations and corporations from the claims against appellees, and remanded the former to the Los Angeles County Superior Court for further proceedings; the claims against the federally chartered appellees were retained.

Appellees then moved, pursuant to F. R.C.P. 12(b)(6), to dismiss the amended complaint for failure to state a claim. The district court granted the motion and ultimately dismissed the action on the ground that federal law has preempted the area of prepayments of real estate loans to federally chartered savings and loan associations. Appellants appeal from this judgment. We agree with the reasoning of the district court and affirm.

■ The doctrine of federal preemption stems from the supremacy clause of the Constitution: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land. . . ." U.S.Const. art. VI, cl. 2. Under that clause,

"[o]ccupation of a legislative 'field' by Congress in the exercise of a granted power is a familiar example of its constitutional power to suspend state laws." Parker v. Brown, 1942, 317 U.S. 341, 350, 63 S.Ct. 307, 313, 87 L.Ed. 315. When such preemption occurs, any state law is inapplicable to an issue which arises in that "field." Moreover, "[i]t has long been the rule that exclusion of state action may be implied from the nature of the [Congressional] legislation and the subject matter although express declaration of such result is wanting." Bethlehem Steel Co. v. New York State Labor Relations Board, 1947, 330 U.S. 767, 772, 67 S.Ct. 1026, 1029, 91 L.Ed. 1234.

With this background, we turn to the question whether the area of prepayments of real estate loans to federally chartered savings and loan associations is preempted by federal law. All of the appellee federal savings and loan associations operate and are organized and chartered under the Home Owner's Loan Act of 1933, 12 U.S.C. § 1461 et seq. This Act established the Federal Home Loan Bank Board, which "is authorized, under such rules and regulations as it may prescribe, to provide for the organization, incorporation, examination, operation, and regulation of associations to be known as 'Federal Savings and Loan Associations', and to issue charters therefor. . . ." 12 U.S.C. § 1464(a). Congress' power to legislate in this broad area is manifest,[3] and the constitutionality of the Act is beyond question. See, e. g., United States v. Kay, 2 Cir., 1937, 89 F.2d 19, 21–22.

■■ Pursuant to its valid statutory authority, the Federal Home Loan Bank

---

1. Cal.Civil Code § 1670 provides, in pertinent part, that "[e]very contract by which the amount of damages to be paid . . . for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

2. Cal.Civil Code § 1671 provides, "The parties to a contract may agree therein upon an amount which shall be presumed to be the

amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages."

3. McCulloch v. Maryland, 1819, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579. "Banking is one of the longest regulated and most closely supervised of public callings." Fahey v. Mallonee, 1947, 332 U.S. 245, 250, 67 S.Ct. 1552, 91 L.Ed. 2030.

Board has promulgated comprehensive regulations covering all aspects of every federal savings and loan association "from its cradle to its corporate grave." People of State of California v. Coast Federal Savings & Loan Ass'n, S.D.Cal., 1951, 98 F.Supp. 311, 316. Somewhere between the cradle and the grave is 12 C.F.R. § 545.6–12(b), which specifically covers the area of prepayment penalties:

> *Loan payments and prepayments.* . . . Each borrower from Federal associations on a loan secured by a home or combination of home and business property shall have the right to prepay the loan without penalty unless the loan contract makes express provision for à prepayment penalty. The prepayment penalty for a loan secured by a home which is occupied or to be occupied in whole or in part by a borrower shall not be more than 6 months' advance interest on that part of the aggregate amount of all prepayments made on such loan in any 12-month period which exceeds 20 percent of the original principal amount of the loan.

Section 545.6–12(b) represents a valid exercise[4] of the Federal Home Loan Bank Board's delegated power,[5] and we therefore hold that federal law preempts the field of prepayments of real estate loans to federally chartered savings and loan associations, so that any California law in the area is inapplicable to federal savings and loan associations operating within California. U.S.Const. art. VI, cl. 2. Our holding is consistent with those of other courts which have considered preemption problems involving other parts of the Home Owners' Loan Act of 1933.[6] *See, e. g.,* First Federal Savings & Loan Ass'n of Wisconsin v. Loomis, 7 Cir., 1938, 97 F.2d 831; People of State of California v. Coast Federal Savings & Loan Ass'n, *supra.* Appellants' amended complaint therefore fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

Affirmed.

---

4. *Cf.* United States v. Southwestern Cable Co., 1968, 392 U.S. 157, 178, 88 S.Ct. 1994, 20 L.Ed.2d 1001.

5. "Delegation by Congress has long been recognized as necessary in order that the exertion of legislative power does not become a futility." Sunshine Anthracite Coal Co. v. Adkins, 1940, 310 U.S. 381, 398, 60 S.Ct. 907, 915, 84 L.Ed. 1263.

6. To the extent that First Federal Savings & Loan Ass'n of Atlanta v. Norwood Realty Co., 212 Ga. 524, 93 S.E.2d 763 (1956) is apposite to the case at bar, it supports our holding. The Georgia Supreme Court there held that Georgia's usury laws applied to loans made by federal savings and loan associations in that state. The reasoning of the court is significant: "[A]s to the loans which a federal savings and loan association may make in this State, there is no federal statute which exempts them from the operation of our usury laws and the penalty imposed for taking or charging usury." 93 S. E.2d at 768. Since there was no federal statute or regulation dealing with the subject of usury, there was no conflict between state and federal law. There is a conflict here, however; because the Federal Home Loan Bank Board has promulgated a resolution concerning prepayment penalties, the state law must yield to the federal. The doctrinal underpinnings of *Norwood Realty Co.* are therefore consistent with our decision.