656 F.2d 1364
 Charles B. GUINASSO and Rosario V. Guinasso, husband and
wife, Plaintiffs- Appellants,
v.
PACIFIC FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, a
federal savings and loan association, Defendant-Appellee.
 No. 80-3099.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 16, 1981.
Decided Sept. 21, 1981.
Rehearing and Rehearing En Banc Denied Nov. 19, 1981.
 
 Phil Goldsmith (argued), Henry A. Carey, Henry A. Carey, P.C., Portland, Or., for plaintiffs-appellants.
 Peter G. Voorhies (argued), John M. Cowden, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before WRIGHT, CHOY and FERGUSON, Circuit Judges.
 WRIGHT, Circuit Judge:
 
 INTRODUCTION
 
 1
 The Guinassos assumed a home loan financed by Pacific First Federal Savings and Loan Association.[1] Pursuant to a regulation promulgated by the Federal Home Loan Bank Board, 12 C.F.R. § 545.6-11 (1975), Pacific created escrow accounts with funds collected from mortgagors for taxes and insurance. When the Guinassos' deed of trust was executed, the regulation did not state whether associations were required to pay interest on such accounts.[2] Pacific paid none.
 
 
 2
 This suit is a class action by the Guinassos for themselves and others similarly situated to recover interest on the funds held in escrow. The complaint was for breach of contract, violation of duties as a trustee, and unjust enrichment. It was filed in state court and phrased wholly in terms of state law. It presented a recognized cause of action under the common law of Oregon. See Derenco, Inc. v. Benjamin Franklin Federal Savings & Loan Ass'n, 281 Or. 533, 577 P.2d 477, 491, cert. denied, 439 U.S. 1051, 99 S.Ct. 733, 58 L.Ed.2d 712 (1978).
 
 
 3
 Pacific removed the action to federal district court, arguing that federal law preempted the Oregon claim. The district court held that it had jurisdiction under 28 U.S.C. § 1337,[3] and it agreed that the state claim was preempted. After denying the plaintiffs' motion to remand, it certified the case for interlocutory appeal under 28 U.S.C. § 1292(b). We granted leave to appeal.
 
 REMOVAL JURISDICTION
 
 4
 A suit can be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally. Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). This suit could have been brought in federal court if it arose under federal law, or under an act of Congress regulating commerce. See note 3 supra.
 
 
 5
 A suit arises under federal law within 28 U.S.C. § 1331 if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question. See Spokane County Legal Services, Inc. v. Legal Services Corp., 614 F.2d 662, 667 (9th Cir. 1980); Standage Ventures, Inc. v. Arizona, 499 F.2d 248, 249 (9th Cir. 1974).
 
 
 6
 Similarly, a suit arises under an act of Congress regulating commerce within 28 U.S.C. § 1337 if it seeks relief granted or implied by the act or "hinges on" the act's interpretation. Garrett v. Time-D.C., Inc., 502 F.2d 627, 629 (9th Cir. 1974), cert. denied, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975).
 
 
 7
 A substantial proposition of federal law must form "a direct and essential element of the plaintiff's cause of action." Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir.), cert. denied, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976).[4] Jurisdiction may not rest on propositions that merely anticipate a federal defense. United Air Lines v. Division of Industrial Safety, 633 F.2d 814, 816 (9th Cir. 1980).
 
 
 8
 Federal preemption is ordinarily a matter to be raised in defense. See Gully v. First Nat'l Bank, 299 U.S. 109, 116, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936). Taken alone, it is not a basis for removal. Washington v. American League of Professional Baseball Clubs, 460 F.2d 654, 660 (9th Cir. 1972).
 
 
 9
 These principles indicate that the district court lacked jurisdiction.
 
 
 10
 Pacific maintains that jurisdiction is proper under Meyers v. Beverly Hills Federal Savings & Loan Ass'n, 499 F.2d 1145 (9th Cir. 1974). In Meyers, the plaintiffs sought to have declared invalid under California law prepayment penalties that were imposed by federal savings and loan associations. Id. at 1145-46. The suit was brought in state court and removed to federal court. Id. Affirming the district court, we held that Congress had preempted state regulation of prepayment penalties imposed by federal associations. Id. at 1147.
 
 
 11
 We described the case's procedural history but did not comment on the propriety of removal. See id. at 1146-47. Pacific contends that Meyers implicitly authorizes removal of all preempted claims against federal savings and loan associations. Because the jurisdictional issue was not explicitly decided and the First Circuit has reached a contrary result, we are not bound by such an implication.[5]
 
 
 12
 Pacific relies also on Johnson v. England, 356 F.2d 44 (9th Cir.), cert. denied, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966). The complaint in Johnson invoked state law in a labor dispute. Id. at 45. We found removal proper because § 301 of the Labor Management Relations Act "operated to preempt this field of law." Id. at 48. "(A) fair construction of the complaint ... must be that it is necessarily one pursuant to § 301(a) ...." Id.
 
 
 13
 Pacific's reliance on Johnson is misplaced. Johnson merely applied Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), in which the Supreme Court held that federal common law developed by the federal courts governs the entire subject matter of § 301(a). Id. at 456, 77 S.Ct. at 917.
 
 
 14
 "(T)his interpretation ... obviates any jurisdictional problem, since federal law then provides both the right and the remedy, and the case is one of true federal question jurisdiction." Johnson v. England, 356 F.2d at 48 n.3 (quoting C. Wright, Federal Courts § 20 at 58 (1963)). In contrast, federal law provides neither the right asserted nor the remedy sought by the present plaintiffs.[6]
 
 
 15
 Pacific contends that, because the plaintiffs invoke state rights that conflict with the association's asserted federal right to pay no interest, their claim does implicitly rely on a key proposition of federal law.
 
 
 16
 Removal may be appropriate when federal law not only displaces state law but also confers a federal remedy on the plaintiffs or compels them to rely, explicitly or implicitly, on federal propositions.[7] But when the claim presents a prima-facie basis for relief entirely under state law, the preemption defense does not support federal jurisdiction.[8]
 
 
 17
 The state claim asserted here contains no federal ingredient. Even if federal law authorized Pacific's failure to pay interest, it did not prescribe the plaintiffs' remedy or establish conditions for recovery under state law.[9] At most it foreclosed state regulation, in which case it would be a complete defense to the plaintiffs' claim, but still only a defense.
 
 
 18
 Because the suit did not arise under federal law or an act of Congress regulating commerce, we need not consider the preemption question further.[10] The district court lacked jurisdiction. Its judgment is reversed and remanded and the district judge will remand to the Oregon courts.
 
 
 19
 REVERSED and REMANDED.
 
 
 
 [1]
 Pacific is a federally-chartered savings and loan association under the Home Owners Loan Act, 12 U.S.C. § 1461 et seq
 
 
 [2]
 The regulation was later amended to provide that relevant state laws would determine whether interest was required. See 12 C.F.R. § 545.6-11(c) (1975). This suit concerns mortgages obtained prior to the amendment
 
 
 [3]
 Section 1337, 28 U.S.C., confers jurisdiction on suits arising under an act of Congress regulating commerce, without regard to amount in controversy
 The defendants asserted jurisdiction under 28 U.S.C. §§ 1331 (arising under federal law) and 1332 (diversity of citizenship). The district court did not rely on these provisions, apparently concluding that the requirement of more than $10,000 in controversy was not met.
 The amount-in-controversy requirement for § 1331 jurisdiction was subsequently repealed and is no longer in effect. See Act of December 1, 1980, P.L. 96-486, 94 Stat. 2369; id. at 2370 (repeal applies to all pending civil actions).
 In any event, the district court correctly considered the applicability of § 1337. Preemption was asserted on the basis of the Home Owners Loan Act and regulations adopted pursuant thereto. HOLA is an act "regulating commerce" within § 1337. See Milberg v. Lawrence Cedarhurst Federal Savings & Loan Ass'n, 496 F.2d 523, 525 (2d Cir. 1974).
 
 
 [4]
 Under 28 U.S.C. § 1331, these propositions may be drawn from federal common law. Illinois v. Milwaukee, 406 U.S. 91, 98-101, 92 S.Ct. 1385, 1390-91, 31 L.Ed.2d 712 (1972). Under 28 U.S.C. § 1337, they must pertain to the statute regulating commerce. Garrett v. Time-D.C., Inc., 502 F.2d 627, 630 (9th Cir. 1974), cert. denied, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975)
 
 
 [5]
 Although it recently remarked that Meyers "ruled" in favor of removal, First Federal Savings & Loan Ass'n v. Greenwald, 591 F.2d 417, 423 (1st Cir. 1979), the First Circuit did not adopt this supposed ruling. See id. at 422 (finding jurisdiction on another ground)
 
 
 [6]
 The plaintiffs do not assert, nor are they so required, that federal law gives them an implied right of action. Cf. Milberg v. Lawrence Cedarhurst Federal Savings & Loan Ass'n, 496 F.2d 523, 524-25 (2d Cir. 1974) (implied right of action to challenge excessive escrow requirement in violation of federal regulation)
 
 
 [7]
 A suit may arise under federal law, even though a federal remedy is not sought, if the plaintiff's claim relies substantially on propositions that define federal rights, duties, or relationships. See Stone v. Stone, 632 F.2d 740, 744 & n.2 (9th Cir. 1980) (Wright, J., specially concurring); Spokane County Legal Services, Inc. v. Legal Services Corp., 614 F.2d 662, 667 (9th Cir. 1980); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir. 1979)
 In Stone v. Stone, for example, federal law governed transfer of pension benefits. 632 F.2d at 744 (Wright, J., specially concurring). The plaintiff was required to show that the benefits she claimed had been validly transferred under federal law to show that she was entitled to them under state law. Id. at 744-45. The federal prerequisite to the state right supported federal jurisdiction. See id.
 
 
 [8]
 Even under expansive definitions of "arising under," a proposition of federal law must be part of the logical structure of the plaintiff's claim. See Note, The Outer Limits of "Arising Under," 54 N.Y.U.L.Rev. 978, 1004 (1979)
 This requirement may be traced to Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824), in which Chief Justice Marshall "derived from the 'case or controversy' requirement underlying all jurisdiction an emphasis on the assertion of rights through which the judicial power is originally invoked." 54 N.Y.U.L.Rev. at 986 (footnote omitted). Although other aspects of Osborn 's holding have been abandoned, this emphasis persists. See id. at 1004.
 "(F)ederal law must be invoked by someone to activate the federal judicial power." Id. at 986 n.57. When the suit "arises" for jurisdictional purposes, only the plaintiff's claim is before the court. Id. at 986. The test for original arising-under jurisdiction therefore focuses exclusively on the plaintiff's claim. Id. This test has been statutorily extended to removal jurisdiction by 28 U.S.C. § 1441(a).
 
 
 [9]
 In addition to invoking 12 C.F.R. § 545.6-11 (1975), Pacific maintains that 12 C.F.R. §§ 541.5 and 544.1 (1975) authorized it to pay no interest on the escrow accounts because they were "short-term savings accounts" on which the payment of interest was not required. All of these arguments present federal defenses
 
 
 [10]
 Pacific also directs our attention to Conference of Federal Savings & Loan Ass'ns v. Stein, 604 F.2d 1256 (9th Cir. 1979), aff'd mem., 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (1980). It is inapposite
 A number of savings and loan associations brought an action in federal court for declaratory relief to prevent a state official from enforcing a state regulation in an area of exclusive federal regulation. Id. at 1257. The plaintiffs sought to protect a federal right against actual and threatened interference. Id.
 We determined that the plaintiffs' claim was more than a possible defense to potential state claims and held that the suit presented a justiciable controversy arising under federal law. Id. at 1259.
 The present case is quite different. These plaintiffs do not rely on federal law.