In re Robert A. WALLEN and Barbara
A. Wallen, aka Barbara A.
Collar, Debtors.

Robert A. WALLEN and Barbara A.
Wallen, Plaintiffs,

v.

FIDELITY FEDERAL SAVINGS & LOAN
ASSOCIATION, a corporation; and
Gateway Mortgage Corporation, a California corporation, Defendants.

Bankruptcy No. 81–07569(CA)13.
Adv. No. 81–3573.

United States Bankruptcy Court,
C. D. California.

Nov. 24, 1981.

Alan L. Green, Law offices of Fred Crane, Riverside, Cal., for plaintiffs.

Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., for debtor.

Andrew E. Katz, Hahn, Cazier & Leff, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

The facts in this case are not in dispute. Debtors (Wallens) purchased a certain piece of residential real property which stood as security for a promissory note executed by the previous owners in favor of Fidelity Federal Savings and Loan Association (Fidelity) as beneficiary, and Gateway Mortgage Corporation, a subsidiary of Fidelity, as Trustee. Fidelity is a private mutual savings and loan chartered under the federal Home Owners' Loan Act of 1933. This deed of trust contained a "due-on-sale" clause. When the property was transferred to the Wallens without Fidelity's knowledge or consent, Fidelity declared the entire note to be due and payable pursuant to this clause. When the accelerated balance was not paid, Fidelity caused Gateway to commence foreclosure proceedings. The Wallens then filed an action in the state court to enjoin the foreclosure. Subsequently, the Wallens filed for relief under Chapter 13 of the Bankruptcy Reform Act of 1978. This action was removed to the bankruptcy court by Fidelity on August 7, 1981 in accordance with 28 U.S.C. § 1478 and Interim Rule R.7004.

The parties agree that the issue presented here is solely an issue of law: whether federal regulations permitting due-on-sale provisions in deeds of trust held by federally chartered savings and loan associations preempt state law prohibiting enforcement of due-on-sale clauses under certain conditions as embodied in *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978), and subsequent related cases.

Each party filed a motion for summary judgment.

■ Preemption of state law by federal enactment and regulation may be explicit or implicit. In either case, it is a matter of congressional intent. *Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977).

The source of the federal preemption argument in this case is the Home Owners' Loan Act of 1933 (HOLA) and regulations promulgated by the Federal Home Loan Bank Board. 12 U.S.C. §§ 1461 et seq. (1933). The Act itself makes no mention of due-on-sale clauses. Congress made no explicit determination on this subject at all.

Although Congress has given broad authority to the Bank Board to promulgate regulations "to provide for the organization, incorporation, examination, operation and regulation of" federally chartered savings and loan associations, it is by no means clear that this rulemaking authority includes the power to supplant these individual debtors' rights under state substantive law. 12 U.S.C. § 1464(a).

■ A congressional intention to preempt a certain field of law may be implied from the very pervasiveness of an enactment and its regulations or the federal interests at stake may be so dominant that it may be implied that Congress meant federal law to occupy the field. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). But in this case, the debtors' claim has its source in an area of the state law which has traditionally been the exclusive province of the state: real property and mortgage rights. The bulk of the applicable law in this area remains state law and is unchallenged by federal regulations. In practice, the activities and rights of federal savings and loan associations are governed in part by state law and in part by federal regulations.

■ Preemption may also be implied when the state law is in conflict with the federal requirements. *Jones v. Rath Packing Co., supra.* In this case, there is no actual conflict. The federal regulation is permissive. It allows but does not require the federal savings and loan associations to insert a due-on-sale clause into their contracts with borrowers. 12 C.F.R. § 545.8–3(f) (1980). California law also allows due-on-sale clauses. It merely restricts their enforcement to those cases in which "the lender can demonstrate that enforcement is reasonably necessary to protect against im-

pairment to its security or the risk of default." *Wellenkamp,* 21 Cal.3d at 953, 148 Cal.Rptr. 379, 582 P.2d 970.

Furthermore, the California law is not in conflict with the purpose of the federal scheme. The Home Owners' Loan Act of 1933 was enacted at a time when relief for homeowners was a primary concern. It created federal savings and loan associations but it was the homeowners who were the primary beneficiaries of this legislation. The Bank Board was authorized to oversee and provide for the regulation of the associations. 12 U.S.C. § 1464(a). The California law of due-on-sale clauses does not have a regulatory or supervisory purpose. It does not encroach upon the internal management of federal savings and loan associations which the Bank Board is authorized to regulate. *See, e. g., People v. Coast Federal Savings & Loan Ass'n,* 98 F.Supp. 311 (S.D.Cal.1951) [supervisory and regulatory authority not shared with state agencies]; *Conference of Federal Savings & Loan Ass'ns v. Stein,* 604 F.2d 1256 (9th Cir. 1979), aff'd, 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 [regulatory controls over credit discrimination]; *DeSimone v. Warwick Federal Savings & Loan Ass'n,* 482 F.Supp. 1190 (D.R.I.1980) [internal management distinction explicitly recognized]; *Gulf Federal Savings & Loan Ass'n v. Federal Home Loan Bank Board,* 651 F.2d 259 (5th Cir. 1981) [internal management distinction explicitly recognized].

In the Ninth Circuit several cases presenting a question of preemption by the Home Owners' Loan Act of 1933 have been removed to federal court. In *Meyers v. Beverly Hills Federal Savings & Loan Ass'n,* 499 F.2d 1145 (9th Cir. 1974), the state law of prepayment penalties was found to be preempted by federal regulations under the HOLA. The applicability of this case to the present question is doubtful. This is particularly so in view of the Ninth Circuit's later treatment of *Meyers* in *Conference of Federal Savings & Loan Ass'ns v. Stein,* in which the state regulatory control was preempted but the question of individual substantive rights was expressly reserved. (604 F.2d at 1260). With this one arguable exception these removal cases have dealt with truly internal matters and have been remanded for lack of jurisdiction to be decided according to state law.[1]

The Ninth Circuit has noted that to invoke federal jurisdiction, the claim must constitute "a direct and essential element of the plaintiff's cause of action." *Smith v. Grimm,* 534 F.2d 1346, 1350 (9th Cir.), cert. denied, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976); *Guinasso v. Pacific First Federal Savings & Loan Ass'n,* 656 F.2d 1364 (9th Cir. 1981). In this case the complaint states a claim for relief that is entirely under state law. Thus, Fidelity's federal preemption defense is insufficient as a ground for removal to federal court. Nevertheless, the bankruptcy court is in a special position. 28 U.S.C. § 1471(e) gives to the bankruptcy court "exclusive jurisdiction of all the property, wherever located, of the debtor, as of the commencement of the case." This court has a duty to ensure orderly administration of the estate and, where possible, to promote consistent interpretation of the law.

This action is properly removed to the bankruptcy court. The source of plaintiff's claim is in state law. Therefore, it is the task of this court to make its decision based on an interpretation of the law of the state of California.

In 1978, the California Supreme Court held that an institutional lender cannot enforce a due-on-sale clause in a promissory note or deed of trust upon the occurrence of an outright sale unless the lender can demonstrate that enforcement is reasonably necessary to protect against impairment to its security or the risk of default. *Wellenkamp,* 21 Cal.3d 943, 953, 148 Cal.Rptr. 379, 582 P.2d 970. Fidelity has neither alleged nor demonstrated such an impairment.

In recent cases before the state Courts of Appeal this rule was extended and held to

---

1. There are several examples in plaintiff's brief at pages 7 and 8. They are contained in unpublished memoranda of decision and therefore are difficult to cite.

apply to federally chartered savings and loan associations. *Panko v. Pan American Federal Savings & Loan Ass'n*, 119 Cal. App.3d 916, 174 Cal.Rptr. 240 (1981) [commercial property]; *de la Cuesta v. Fidelity Federal Savings & Loan Ass'n*, 121 Cal. App.3d 328, 175 Cal.Rptr. 467 (1981) [three consolidated cases dealing with both commercial and residential property].

In *Panko* and *de la Cuesta*, the Courts of Appeal gave careful attention to the defense of federal preemption by the HOLA and concluded that "the federal regulation leaves the rights and remedies of the parties intact under the terms of the loan contract. Thus, the enforcement of the due-on-sale clause rests upon conventional contract and property principles under state law." *Panko*, 119 Cal.App.3d at 924, 174 Cal.Rptr. 240; *de la Cuesta*, 121 Cal. App.3d at 341, 175 Cal.Rptr. 467.[2]

■ The doctrine of preemption must not be used to displace state law without clear and unequivocable indications that Congress intended such a result. No such certainty exists in this case.[3]

## CONCLUSIONS OF LAW

1. Applicant Fidelity has standing to remove the case entitled *Wallen v. Fidelity Federal, et al.*, Case No. C323505 from the Superior Court of the State of California for the Los Angeles County to the United States Bankruptcy Court, Central District of California by virtue of the Chapter 13 proceeding filed by the Wallens.

2. By virtue of Chapter 13 Case No. LA–81–07569(CA) on file with this court, this court has jurisdiction to consider the relief sought by the parties hereto.

3. Federal law, in the guise of the rules and regulations promulgated by the Federal Home Loan Bank Board, to-wit, 12 C.F.R. § 545.8–3(f) and (g) does not preempt the field of state real property and mortgage law.

4. The court does not find the decision in *Meyers v. Beverly Hills Federal Savings and Loan Ass'n*, 499 F.2d 1145 (9th Cir. 1974), to be persuasive authority in this case.

5. This court is obligated under the decision of *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply substantive state law as it applies to the law of mortgages and real property.

6. California law under California Civil Code § 711, *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978), *Panko v. Pan American Federal Savings and Loan Ass'n*, 119 Cal.App.3d 916, 174 Cal.Rptr. 240 (1981), and *de la Cuesta v. Fidelity Federal Savings & Loan Ass'n*, 121 Cal.App.3d 328, 175 Cal.Rptr. 467 (1981), prohibits the automatic enforcement of due-on-sale provisions in the absence of a showing of security impairment or the risk of default by the assuming owner.

■ 7. Fidelity's enforcement of the due-on-sale provisions contained within the subject note and deed of trust is in direct contravention of the law of California in that Fidelity has failed to demonstrate impairment to its security or risk of default arising from the transfer of the subject real property to the Wallens.

8. At present, there is no federal preemption of the due-on-sale laws of California by the HOLA.

9. Since there is no showing that Fidelity's security is impaired, Fidelity may not enforce its due-on-sale clause against the plaintiffs.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. A separate judgment will be entered.

2. At the time the decision in this adversary proceeding was announced in court, the Court of Appeals' decision in *People v. Glendale Federal Savings & Loan*, 122 Cal.App.3d 860, 176 Cal.Rptr. 353 (1981), stood in potential conflict. That decision has since been decertified for publication by the California Supreme Court.

3. It is some indication of this lack of certainty that the Bank Board has announced that it will seek Congressional legislation to require federal preemption of state due-on-sale laws.

## JUDGMENT

The motion of Fidelity Federal Savings and Loan Association (Fidelity) and Gateway Corporation (Gateway), and cross-motion of Robert A. Wallen and Barbara A. Wallen (Wallens) for orders granting summary judgment on each of their behalfs came on for hearing on October 26, 1981 at 2:00 p. m., in Courtroom "G", 9th Floor, 312 N. Spring Street, Los Angeles, CA.

The court has considered the pleadings and arguments of counsel and grants the motion for summary judgment filed by the Wallens.

A separate memorandum of decision has been prepared to be entered concurrently with this judgment.

IT IS ORDERED THAT:

1. The foreclosure proceedings instituted by Fidelity and Gateway by reason of their exercise of the due-on-sale provisions contained in the subject note and deed of trust are declared to be unwarranted pursuant to California law;

2. That defendants Fidelity and Gateway, their officers and agents, are enjoined from:

a. Giving or causing to be given any notice of sale, pursuant to the due-on-sale clause, of the real property subject to the deed of trust recorded October 23, 1978 as Instrument No. 78–1173040 of the Official Records in the Office of the County Recorder of Los Angeles County, or

b. Selling or attempting to sell, or causing to be sold, said real property under the power of sale contained in said deed of trust or by foreclosure action by reason of the unconsented to transfer of the subject property to the Wallens.

3. Plaintiffs and defendants shall bear their own legal fees and costs incurred in connection with this adversary proceeding.