John F. NALORE and Norma L. Nalore, et al., Plaintiffs/Appellants,

v.

SAN DIEGO FEDERAL SAVINGS AND LOAN ASSOCIATION, et al., Defendants/Appellees.

No. 79–3481.

United States Court of Appeals, Ninth Circuit.

Argued July 16, 1981.

Submitted July 27, 1981.

Decided Sept. 23, 1981.

Rehearing and Rehearing En Banc Denied Dec. 8, 1981.

Fred Crane, Robert E. Boehmer, Mark A. Hiller, Riverside, Cal., for plaintiffs/appellants.

Aaron Peck, McKenna, Conner & Cuneo, Los Angeles, Cal., argued, for defendants/appellees; Terry O. Kelly, McKenna & Fitting, Los Angeles, Cal., on brief.

Before WRIGHT, CHOY and FERGUSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The Nalores purchased property in 1976, subject to San Diego Federal Savings and Loan Association's loan to the previous owners. The loan, negotiated in 1973 at 8% interest, was secured by a promissory note and trust deed with a due-on-sale clause.

In 1977 San Diego Federal demanded an increase in the interest rate and a transfer fee. It exercised the due-on-sale clause when the Nalores refused its demands.

The Nalores sought declaratory and injunctive relief in state court and obtained a temporary restraining order enjoining the foreclosure attempt.

San Diego Federal removed the case to federal court under 28 U.S.C. § 1441(b), asserting that the suit arose under federal law within the meaning of 28 U.S.C. § 1331(a), and under an act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337.

The district court denied the plaintiffs' motion for remand and for injunctive relief. Finding that the Home Owners Loan Act of 1933, 12 U.S.C. §§ 1461–1468, preempted state prohibition of due-on-sale clauses, the court granted summary judgment to the defendants.

Plaintiffs appeal under 28 U.S.C. § 1291. They contend that the district court lacked jurisdiction because the original complaint relied entirely on California law.

San Diego Federal asserts that federal court jurisdiction lies in 28 U.S.C. § 1331(a) and in 28 U.S.C. § 1337. To invoke either section, federal law must constitute "a direct and essential element of the plaintiff's cause of action." *Smith v. Grimm*, 534 F.2d 1346, 1350 (9th Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976); *see United Air Lines v. Division of Industrial Safety*, 633 F.2d 814 (9th Cir. 1980); *Spokane County Legal Services, Inc. v. Legal Services Corp.*, 614 F.2d 662 (9th Cir. 1980); *Garrett v. Time-D.C., Inc.*, 502 F.2d 627 (9th Cir. 1974), *cert. denied*, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975).

Our recent decision in *Guinasso v. Pacific First Federal Savings & Loan Association*, 656 F.2d 1364 (9th Cir. 1981), summarized the principles governing the removal of a suit to federal court. *Guinasso* presented virtually identical jurisdictional issues and is dispositive of the present appeal.

The Nalores assert only that state law precludes due-on-sale clauses as restraints on alienation. *See Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978). The complaint presents a basis for relief that is entirely under state law. As such, San Diego Federal's federal preemption defense fails as ground for removal jurisdiction. *Guinasso v. Pacific First Federal Savings & Loan Association*, 656 F.2d 1364 (9th Cir. 1981); *Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 660 (9th Cir. 1972).

In *Guinasso* we concluded:

The state claim asserted here contains no federal ingredient. . . . At most [federal law] foreclosed state regulation, in which case it would be a complete defense to the plaintiffs' claim, but still only a defense.

*Guinasso v. Pacific First Federal Savings & Loan Association*, 656 F.2d at 1367 (9th Cir. 1981).

For the same reason, we here conclude that the district court lacked jurisdiction. Its judgment is reversed and remanded, and the district judge will remand to the California courts.

REVERSED and REMANDED.