EUREKA FEDERAL SAVINGS & LOAN ASSOCIATION OF SAN FRANCISCO, Plaintiffs,

v.

Michael J. FLYNN and Kathleen Flynn, and Does 1 through 5, inclusive, Defendants.

EUREKA FEDERAL SAVINGS & LOAN ASSOCIATION OF SAN FRANCISCO, Plaintiff,

v.

Ronald J. PATTERSON and Does 1 through 5, inclusive, Defendants.

EUREKA FEDERAL SAVINGS AND LOAN ASSOCIATION OF SAN FRANCISCO, a federally chartered savings and loan association, Plaintiffs,

v.

Francisco TEODORO and Leticia Teodoro and Does 1–5, inclusive, Defendants.

EUREKA FEDERAL SAVINGS & LOAN ASSOCIATION OF SAN FRANCISCO, Plaintiff,

v.

Ronald J. PATTERSON and Does 1 through 5, inclusive, Defendants.

EUREKA FEDERAL SAVINGS AND LOAN ASSOCIATION OF SAN FRANCISCO, a federally-chartered savings and loan association, Plaintiff,

v.

Jose Luis CUADRA, Celia M. Cuadra, and Does 1–5, inclusive, Defendants.

EUREKA FEDERAL SAVINGS AND LOAN ASSOCIATION OF SAN FRANCISCO, a federally-chartered savings and loan association, Plaintiff,

v.

Gerald GROSSMAN and Does 1–5, inclusive, Defendants.

Nos. C–81–2868 SAW, C–81–3719 SAW to C–81–3721 SAW, C–81–4085 SAW and C–81–4496 SAW.

United States District Court, N. D. California.

March 9, 1982.

Richard A. Canatela, San Carlos, Cal., for all plaintiffs.

Michael J. Flynn, San Francisco, Cal., for defendants Flynn, et al.

Fred Crane, Riverside, Cal., for defendant Ronald J. Patterson, et al.

## ORDER

WEIGEL, District Judge.

These cases have been related by an Order filed November 17, 1981. In each case, defendant or defendants are purchasers of real property. In connection with their respective purchases, defendants assumed the prior owner's promissory note and deed of trust executed in favor of plaintiff (Eureka). The promissory notes and deeds of trust contained "due-on-sale" clauses which provided that, upon sale of the property, the entire unpaid balance of the outstanding obligation would become due immediately at the option of Eureka. In each case, Eureka exercised the option and demanded that defendant or defendants either pay the entire unpaid balance of the assumed obligations or assume a new loan at a higher rate of interest. Subsequently, defendants instituted separate actions in California state court seeking a declaration that the "due-on-sale" clause was an invalid alienation on the conveyance of property under the California Constitution.

Eureka removed the actions to this Court claiming that, under 12 C.F.R. §§ 545.8–3(f) and (g), a federal savings and loan association may include a "due-on-sale" clause in its loan contracts. The cases were remanded to state court after Eureka stipulated that the actions had been removed improvidentially. Thereafter, Eureka instituted the present actions seeking a declaration (1)

that the validity of due-on-sale clauses is governed by federal law, (2) that Eureka's exercise of that option was proper, and (3) that Eureka is subject to the regulatory authority of the Federal Home Loan Bank Board.

Even though the jurisdictional issue was addressed only by the parties in *Eureka Federal Sav. & Loan Ass'n v. Patterson, et al.*, Civ. No. 81–3721 SAW (N.D.Cal. filed September 21, 1981), the Court is required to consider its subject matter jurisdiction *sua sponte. Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1975). The Court concludes that each of the above-entitled actions must be dismissed for lack of subject matter jurisdiction.

■ Eureka can establish no jurisdictional grounds for removal. Defendants' complaints in state court present *prima facie* bases for relief entirely under state law. Eureka's claim that federal law governs—a claim of federal preemption—is relevant only as a defense to defendants' state claims. *Nalore v. San Diego Federal Sav. & Loan Ass'n*, 663 F.2d 841, 842 (9th Cir. 1981). It cannot establish federal subject matter jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1973); *Guinasso v. Pacific First Federal Sav. & Loan Ass'n*, 656 F.2d 1364, 1366 (9th Cir. 1981).

■ Moreover, federal jurisdiction on the issue of preemption cannot be established by posing the issue in connection with resort to the federal Declaratory Judgment Act. "The operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1949). The Act widened the "range of remedies available in federal courts but did not extend their jurisdiction." *Id.* Thus a claim of preemption cannot serve as a basis for subject matter jurisdiction, even if presented in the form of a request for declaratory relief. *See Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); *California Federal Savings & Loan Ass'n v. Horn*, Civ. No. 76–238 WMB, and related cases (C.D.Cal Feb. 28, 1979).

■ Finally, even though Eureka has not asserted the preemption defense in the state court actions, federal jurisdiction is unavailable. Eureka's sole purpose in requesting declaratory relief is to establish a defense to defendants' state claim. The Supreme Court has stated:

> Where the complaint in an action for declaratory judgment seeks *in essence* to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction.

*Wycoff, supra*, 344 U.S. at 248, 73 S.Ct. at 242 (emphasis added). Accordingly,

IT IS HEREBY ORDERED that the above-entitled cases are dismissed for lack of subject matter jurisdiction.