**TOM LAZIO FISH CO., INC., Plaintiff,**

v.

**CASTLE & COOKE, INC., CHB Foods, Inc., H.J. Heinz Corporation, Ralston Purina, Inc., Star-Kist Foods, Inc., and Does I through XXX, Defendants.**

No. C–83–0085 SAW.

United States District Court,
N.D. California.

Feb. 28, 1983.

---

Francis O. Scarpulla, Scarpulla & Scarpulla, San Francisco, Cal., for plaintiff.

Loyd W. McCormick, McCutchen, Dooyle, Brown & Enersen, San Francisco, Cal., Allen M. Katz, Munger, Tolles, Rickershauser, Los Angeles, Cal., Gary J. Nevolo, Sheppard, Mullin, Richter & Hampton, San Francisco, Cal., Gordon F. Hampton, Don T. Hibner, Jr., Carlton A. Varner, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER DISMISSING DEFENDANTS' PETITION FOR REMOVAL AND REMANDING TO STATE COURT

WEIGEL, District Judge.

Plaintiff is a fish processing business in Eureka, California. Defendants are the major purchasers, processors, and marketers of albacore tuna on the west coast of North America. Defendant Castle & Cooke, Inc. is an Hawaiian corporation, which markets tuna under the "Bumble Bee" brand name; defendant Star-Kist Foods, Inc. is a wholly-owned subsidiary of defendant H.J. Heinz Corporation, a Pennsylvania corporation, which markets tuna under the "Star-Kist" brand name; defendant Ralston Purina, Inc. is a Missouri corporation, which markets tuna under the brand name "Chicken-of-the-Sea"; defendant CHB Foods, Inc. is a California Corporation, which markets tuna under the brand name "Pan Pacific."

On December 7, 1982, plaintiff filed this antitrust suit in Superior Court of the State of California, City and County of San Francisco, claiming violations of California's Cartwright Act, Cal.Bus. & Prof.Code

§§ 16700 *et seq.*, and Unfair Trade Practices Act, Cal.Bus. & Prof.Code §§ 17000 *et seq.* Plaintiff claims that defendants unlawfully conspired to fix, raise, maintain, and stabilize the prices of fresh albacore tuna and canned albacore tuna. On January 6, 1983, defendants removed the case here on the grounds that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 15. Plaintiff moves for an order dismissing defendants' petition for removal and remanding the case to state court. Defendants move to dismiss for failure to join a party or, in the alternative, for an order that a party be joined.[1]

■ Any civil action brought in state court of which the district courts of the United States have original jurisdiction founded on a claim arising under federal law "shall be removable" to federal court. 28 U.S.C. § 1441(b). Defendants assert that because they purchase albacore tuna primarily from a fishermen's cooperative association which enjoys immunity from federal antitrust laws under the Fisheries Cooperative Marketing Act, 15 U.S.C. § 521 *et seq.*, plaintiff's complaint, even though it presents a prima facie claim solely under state law, challenges an entire federal regulatory scheme and thus "aris[es] under" federal law pursuant to 28 U.S.C. § 1441(b). A claim arises under federal law only if a question of federal law forms "a direct and essential element of the plaintiff's cause of action." *Smith v. Grimm*, 534 F.2d 1346, 1350 (9th Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976); *see Guinasso v. Pacific First Federal Sav. & Loan Ass'n*, 656 F.2d 1364, 1367 & nn. 7–8 (9th Cir.1981), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716–17, 72 L.Ed.2d 138 (1982). Defendants do not argue that plaintiff relies on a federal right, remedy, or relationship in asserting his claim; rather, they seek to anticipate a possible federal defense based upon the antitrust immunity conferred upon agricultural and fishermen's cooperatives.[2] It is well established that the assertion of a federal defense is an insufficient basis for federal jurisdiction. *Guinasso, supra*, 656 F.2d at 1366; C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3722, at 550 & n. 11 (1976).

Defendants also urge that plaintiff has attempted to conceal the federal nature of his claim through "artful pleading." They assert that large portions of plaintiff's complaint are copied from a complaint filed in 1974 in federal court by plaintiff's counsel, on behalf of a different plaintiff, against four of the five defendants named in this suit.[3] Because the earlier case was federal, defendants contend that this Court cannot lack jurisdiction over the instant suit merely because plaintiff has deleted any references to federal law in his complaint.

■ Defendants misconstrue the proper scope of the so-called "artful pleading" doctrine. Where, as here, plaintiff's claim contains both a federal ground and a state ground, plaintiff "is free to ignore the federal question and pitch his claim on the state ground." 1A Moore's Federal Practice ¶ 0.160, at 185 (2d ed. 1982) (footnote omitted). The artful pleading doctrine creates an exception to this general rule "only when the plaintiff by his own conduct, either by filing originally in federal court or by acceding to federal jurisdiction after re-

---

1. Because the Court grants plaintiff's motion, and remands the case to state court for further proceedings, the Court need not reach defendants' motion.

2. Thus, defendants' reliance on *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), is misplaced. In that case, plaintiff, a shareholder in a trust company, challenged the company's proposed investment in certain bonds on the ground that the federal statutes authorizing issuance of the bonds were unconstitutional. Hence, an essential element of plaintiff's claim was the alleged unconstitutionality of the federal statutes involved, and federal jurisdiction was proper. By contrast, in the instant case plaintiff's claim does not necessarily rely upon rights conferred by the Fisheries Cooperative Marketing Act, 15 U.S.C. § 521 *et seq.*, or upon the unconstitutionality of that statute, or upon rights conferred by any other federal statute.

3. *Western Fishboat Owners Association, et al. v. Castle & Cooke, Inc., et al.*, C 74–1748 LHB (N.D.Cal.) (filed August 19, 1974).

moval, has made his claim a federal one." *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566, 572, 575 & n. 8 (N.D.Cal. 1981); *see Federated Dept. Stores v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1980) (case filed in state court after identical federal suit dismissed properly removed to federal court); C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3722, at 174 (Supp.1981); *cf. Vitarroz v. Borden, Inc.,* 644 F.2d 960, 964–65 (2d Cir. 1981). Here, plaintiff seeks to bring his claim for the first time, has pleaded only violations of state antitrust law, and has chosen to pursue his claim in a state forum. Thus, plaintiff has in no way "acced[ed] to federal jurisdiction."

Accordingly,

IT IS HEREBY ORDERED that defendants' petition for removal is dismissed.

IT IS FURTHER HEREBY ORDERED that this case is remanded to state court for further proceedings.