**Veronica D. AGEN, Personal Representative of the Estate of John R. Agen, Plaintiff,**

**v.**

**TEAMSTERS JOINT COUNCIL NO. 2, Defendant.**

**No. CV 84–51–M.**

United States District Court, D. Montana, Missoula Division.

Sept. 19, 1985.

As Amended Dec. 10, 1985.

Donald R. Murray, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for plaintiff.

D. Patrick McKittrich, McKittrich Law Firm, Great Falls, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This case was filed in a Montana state court and removed to this court. The plaintiff seeks to remand. The facts are as follows:

John R. Agen (Agen) was employed by the defendant union as an organizer. He announced that he planned to run for the elective office of Executive Secretary of Local Union No. 2, an affiliate of the defendant. He was promptly fired. He is

now dead, and this action seeking damages for the discharge, alleged to be unlawful under the laws of Montana, is prosecuted by the plaintiff as personal representative of Agen's estate. Before his death, Agen filed a complaint with the National Labor Relations Board alleging that his employment was terminated in violation of the National Labor Relations Act (Act). 29 U.S.C. §§ 151–169 (1976). His complaint was denied on the ground that the Act does not protect an employee for activities designed to bring about managerial changes. There was no appeal from that decision.

The removal was improper. An action founded in "a claim or right arising under the Constitution, treaties or laws of the United States" is removable. 28 U.S.C. § 1441(b) (1976). In *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir. 1984), the court, quoting *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), stated:

> Removal of an action under 28 U.S.C. § 1441(b) (1976) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one of the plaintiff's cause of action."

726 F.2d at 1370.

The defendant urges that the plaintiff's cause of action is preempted by federal labor law, but the defendant does not identify the federal law under which the federal right arises.

■ It may be that the decision of the Supreme Court in *Finnegan v. Leu*, 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982), stands for the proposition that the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401–531 (1976), mandated a union structure in which union management is free to fire union employees who, in intraunion affairs, are politically opposed to the management. If so, then the federal law preempts, and a state law which attempts to place re-

straints upon union officials to fire union employees is invalid. However, the doctrine of preemption creates no federal right; it simply renders the state law inoperative and provides a defense. Such is not enough to warrant removal.

In *Nalore v. San Diego Federal Savings & Loan Association*, 663 F.2d 841, 842 (9th Cir.1981), the complaint showed that the subject matter was preempted as a matter of federal law, but since the complaint stated a basis for relief that was entirely under state law, there was not a ground for removal. To the same effect are *Garibaldi*, 726 F.2d at 1370, and *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1471 (9th Cir.1984).

The authorities on which defendant relies are not pertinent. In *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367 (9th Cir.1978), a federal right was created by the Railway Labor Act, 45 U.S.C. §§ 151–188 (1976). In *Allis-Chalmers Corp. v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), and *Olguin*, 740 F.2d 1468, the federal right in question was created under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1976).

Defendant contends that Agen did not exhaust his remedies within the union and that such failure is a defense to this action. If so, then perhaps defendant has a valid defense to the action, but that does not warrant removal.

IT IS ORDERED that this action be remanded to the District Court of the Eleventh Judicial District of the State of Montana in and for the County of Flathead.