2002–NMCA–042

43 P.3d 1089

**Richard J. STONEKING and Dierdre J. Stoneking, husband and wife, Plaintiffs–Appellants,**

v.

**BANK OF AMERICA, N.A., Defendant–Appellee.**

No. 22,172.

Court of Appeals of New Mexico.

March 4, 2002.

Stephen E. McIlwain, Stephen E. McIlwain, P.C., Albuquerque, NM, for Appellants.

William R. Keleher, Megan T. Muirhead, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, for Appellee.

*OPINION*

KENNEDY, Judge.

{1} Question: Does federal law preempt NMSA 1978, § 56-8-30 (1980), which prohibits banks from collecting prepayment penalties on home mortgages? Answer: Yes, when applied to federally-chartered thrift institutions and banks. Because this opinion interprets a statute important to New Mexico residential borrowers and banks, we issue it as a formal opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} On April 3, 1998, Plaintiffs obtained a home loan from Bank of America, Federal Savings Bank, a predecessor to Bank of America, N.A. (Defendant). The loan was secured by a mortgage against Plaintiffs' home. Plaintiffs signed an Adjustable Rate Note containing a prepayment penalty clause providing that should the loan be paid off within thirty-six months, Defendant could charge a prepayment penalty of two percent on any amount prepaid in excess of twenty percent of the original principal. On May 19, 2000, Plaintiffs paid off the balance of the mortgage and were charged a prepayment penalty of $1,400.61.

{3} Plaintiffs sued Albuquerque Title Company, Inc. (not a party to this appeal) and Defendant in district court for unjust enrichment, fraud, prima facie tort, and unfair trade practices, claiming that Defendant violated the New Mexico Residential Home Loan Act, NMSA 1978, §§ 56-8-22 to -30 (1980, §§ 56-8-25 to -28 *repealed by* Laws 1983, ch. 44, § 1), and specifically Section 56-8-30, when it enforced the prepayment penalty provision contained in the Adjustable Rate Note. Defendant moved to dismiss Plaintiffs' complaint on the grounds that section 56-8-30 was preempted by the federal Home Owners' Loan Act (HOLA) 12 U.S.C. § 1461 (1994) and the regulations promulgated pursuant to it. The district court granted the motion to dismiss and this appeal followed.

## DISCUSSION

### I. Standard of Review

{4} Dismissal is proper under Rule 1-012(B)(6) NMRA 2002 when the law does

not support the claim under the facts presented. *Wallis v. Smith*, 2001–NMCA–017, ¶ 6, 130 N.M. 214, 22 P.3d 682. We review a ruling on a grant of a motion to dismiss de novo, accepting all well-pleaded factual allegations as true and resolving all doubts in favor of the sufficiency of the complaint. *Id.; see, e.g., Trigg v. Allemand*, 95 N.M. 128, 133, 619 P.2d 573, 578 (Ct.App.1980) (stating that conclusions of law are not binding upon the appellate court which may draw its own legal conclusions).

## II. Federal Preemption.

{5} Under Article VI of the Constitution, the laws of the United States "shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supremacy Clause prohibits the application of state laws which conflict with federal laws. *Home Mortgage Bank v. Ryan*, 986 F.2d 372, 375 (10th Cir.1993).

{6} Section 56-8-30 of the New Mexico Residential Home Loan Act states that "No provision in a home loan, the evidence of indebtedness of a home loan, a real estate contract or an obligation secured by a real estate mortgage requiring a penalty or premium for prepayment of the balance of the indebtedness is enforceable." Defendant argues that Section 56–8–30 is preempted by the HOLA and the regulations promulgated pursuant to the HOLA. We agree.

{7} 12 U.S.C. § 1464(a) gives the following power to the Director of the Office of Thrift Supervision (OTS):

> In order to provide thrift institutions for the deposit of funds and for the extension of credit for homes and other goods and services, the Director is authorized, under such regulations as the Director may prescribe—
>
> (1) to provide for the organization, incorporation, examination, operation, and regulation of associations to be known as Federal savings associations (including Federal savings banks).

This broad language "expresses no limits on the [Director's] authority to regulate the lending practices of federal savings and loans. As one court put it, '[i]t would have been difficult for Congress to give the [Director] a broader mandate.' " *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 161, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982) (quoting *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F.Supp. 903, 910 (C.D.Cal.1978)).

{8} It is well established that state laws may be preempted by properly promulgated federal regulations as well as through duly enacted laws. "Federal regulations have no less pre-emptive effect than federal statutes." *Id.* at 153. 12 C.F.R. § 560.2(a) (2002) states that OTS "hereby occupies the entire field of lending regulations for federal savings associations." The regulation further provide that "the types of state laws preempted by [HOLA] include, without limitation, state laws purporting to impose requirements regarding ... initial charges, late charges, *prepayment penalties*, servicing fees, and overlimit fees." 12 C.F.R. § 560.2(b)(5) (emphasis added). Specifically, OTS states in 12 C.F.R. § 560.34 (2002):

> Any prepayment on a real estate loan must be applied directly to reduce the principal balance on the loan unless the loan contract or the borrower specifies otherwise. Subject to the terms of the loan contract, *a Federal savings association may impose a fee for any prepayment of a loan.*

(Emphasis added.)

{9} OTS, under the power granted to it by Congress, has clearly preempted state laws concerning prepayment penalties on home loans. *See Meyers v. Beverly Hills Fed. Sav. & Loan Ass'n*, 499 F.2d 1145, 1147 (9th Cir.1974) (holding that a regulation promulgated by the Federal Home Bank Board (whose powers were assumed by the current OTS, *see* 12 U.S.C. 1462a(e)), which allowed federally chartered savings and loan associations to charge prepayment penalties, was a valid exercise of its delegated power and that federal law preempted state law in the field of prepayment of real estate loans); *Greenwald v. First Fed. Sav. & Loan Ass'n*, 446 F.Supp. 620, 623 (D.Mass.1978) ("Every Federal Court which has addressed preemption questions involving HOLA has held that Congress impliedly intended that federal law

should govern the regulation of federal savings and loan associations.").

{10} Thus, we hold that, as a matter of law, 12 C.F.R. § 560.34 preempts Section 56-8-30.

## CONCLUSION

{11} The granting of the motion to dismiss is affirmed.

{12} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, and A. JOSEPH ALARID, Judge.