**TRENT REALTY ASSOCIATES, a partnership and Norstar Realty Corp., a New Jersey Corporation, Appellants,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHILADELPHIA.**

**No. 80–2612.**

United States Court of Appeals, Third Circuit.

Argued June 10, 1981.

Decided Aug. 17, 1981.

As Amended Aug. 26, 1981.

---

* Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

Barry I. Fredericks (argued), Fredericks & Messinger, Hackensack, N.J., for appellants; Goldschmidt, Fredericks, Kurzman & Oshatz, New York City, of counsel.

John F. Stoviak (argued), Dilworth, Paxson, Kalish & Levy, Richard J. Green, Philadelphia, Pa., for appellee.

Before ALDISERT, WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Plaintiffs appeal from the entry of summary judgment for defendant savings and loan association. Because our review of the record indicates that there is no federal jurisdiction, we will not address the merits of the summary judgment but will direct that the action be remanded to the state court after an opportunity is given to defendant savings and loan association to verify the allegation on jurisdiction made before us.

### I.

In light of our disposition of the case we need review the facts only briefly. Plaintiff Trent Realty Associates is a limited partnership and current owner of property in New Jersey which until 1978 was subject to a mortgage held by defendant First Federal Savings and Loan Association of Philadelphia (hereinafter First Federal). The other plaintiff, Norstar Realty, a New Jersey corporation, is the current mortgagee of the property. Plaintiffs will be referred to jointly as "Trent." When the prior owner of the property, the Mutual Life Insurance Company of New York, sought First Federal's permission to convey the property to Trent, First Federal initially refused for reasons which the parties dispute. When the transfer was made without its consent, First Federal accelerated the principal of the mortgage and claimed that the mortgage's "due-on-sale" clause authorizing this acceleration also entitled First Federal to a penalty of interest at 9¾% for 180 days on

the remaining principal. Under threat of foreclosure, Trent agreed to pay off the principal obligation and to place the claimed penalty amount into escrow pending "a civil action in a court of competent jurisdiction relative to the issue of the transfer of title" to Trent. If the outcome were favorable to Trent, the escrow fund would be returned to its current mortgagee, now Norstar, which had advanced the amount in escrow.

Trent, which was the party obligated under the escrow agreement to commence the action, filed suit in New Jersey state court seeking in one count a declaratory judgment that the penalty was unenforceable and in the other the return of certain payments made to First Federal. First Federal removed the action to the federal district court for the District of New Jersey on the basis of diversity of citizenship, and also alleged that the complaint raises substantial issues of federal law. Trent moved to remand on the ground that First Federal had agreed by the escrow agreement to have the action tried in any competent court of Trent's choosing. The district court denied the motion to remand on this ground. Thereafter, in its answer First Federal included an affirmative defense that the escrow agreement limited the issues to be tried to the enforceability of the penalty provision in the due-on-sale clause, a provision which it alleged was authorized by federal law. First Federal also interposed a counterclaim demanding an accounting of the payments made to it.

Cross-motions for summary judgment were filed by the parties after completion of discovery. The district court granted summary judgment for First Federal, holding that the issue to be decided was limited to the enforceability of the penalty provision. The court rejected Trent's claim that the penalty provision was removed from the mortgage agreement. In determining that the penalty provision was enforceable, the court held that federal law applied and superseded state law, and that the penalty provision was authorized under federal law by an explicit regulation of the Federal Home Loan Bank Board. The court also held that if New Jersey law were applica-ble, it was not to the contrary. Trent thereafter appealed.

## II.

Before hearing oral argument, we *sua sponte* raised the question of federal subject matter jurisdiction. Since one of the bases for removal had been alleged to be diversity of citizenship between the parties, we inquired whether there was any evidence in the record to support this allegation of diversity. In response, Trent submitted an affidavit, attaching copies of its Restated Certificate of Limited Partnership and Restated Agreement of Limited Partnership which show that one of the limited partners, Delaware Poultry, has its address listed as "c/o Joseph Goldberg" in Eddystone, Pennsylvania. First Federal, a Pennsylvania based federal savings and loan association, is deemed a citizen of Pennsylvania. *See Feuchtwanger Corp. v. Lake Hiawatha Federal Credit Union*, 272 F.2d 453, 455–56 (3d Cir. 1959) (federally chartered corporation has citizenship of state where based). As a result, Trent belatedly claimed there is no diversity jurisdiction.

First Federal has not challenged Trent's assertion that one of Trent's limited partners is a citizen of Pennsylvania. Instead First Federal argues that the citizenship of a limited partner should not be considered for diversity purposes. It claims that only the citizenship of the general partners determines citizenship of a limited partnership for purposes of diversity. Since the general partners are diverse from First Federal, it contends there is diversity jurisdiction. In the alternative, First Federal claims that because Trent's complaint raised federal questions, the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a) (Supp. III 1979).

### A.

#### Diversity of Citizenship

Analysis of the diversity issue must begin with the undisputed proposition that a limited partnership is an unincorpo-

**32**

rated association whose citizenship is deemed to be that of the "persons composing such association." *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 698, 44 L.Ed. 842 (1900). Applying that holding to the precise issue raised here, this court held that the citizenship of a limited partner will defeat diversity if it is the same as one of the parties on the opposing side. *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n,* 554 F.2d 1254 (3d Cir. 1977).

First Federal urges us to abandon the holding of *Carlsberg Resources* on the ground that the subsequent decision of the Supreme Court in *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), requires that we apply a "real party in interest" test in determining Trent's citizenship. It argues that under the analysis in *Navarro,* only the general partners are such parties here. We do not read *Navarro* to require us to depart from the precedent of *Carlsberg Resources.*

The question before the Court in *Navarro* was whether "trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." 446 U.S. at 458, 100 S.Ct. at 1779. In holding that such trustees may rely on their own citizenship and disregard that of the beneficiaries, the Court stated that its prior decisions established that express trusts are neither unincorporated associations nor corporations and should not be analogized to such business entities for purposes of diversity jurisdiction. *Id.* at 462, 100 S.Ct. at 1782. The Court cited limited partnerships as one of the class of unincorporated associations which are to be distinguished from express trusts, and referred approvingly to the holding of *Great Southern Fire Proof Hotel Co. v. Jones, supra,* as governing limited partnerships. *Id.* at 461, 100 S.Ct. at 1782.

We see nothing in the Court's opinion to support First Federal's position that the *Navarro* holding compels application of a "real party in interest" test to limited partnership. Even the dissenter, Justice Black-

mun, observed that "this case ... express[es] no view on the diversity of citizenship issue that is presented when one of the parties is a limited partnership." *Id.* at 475 n.6, 100 S.Ct. at 1789. Since the holding of *Carlsberg Resources* has not been overruled by the Supreme Court's *Navarro* decision, we are not free to depart from our earlier precedent. *See* Internal Operating Procedures of the United States Court of Appeals for the Third Circuit 25 (1978). Accordingly, we hold that if the allegation of the citizenship of one of Trent's limited partners is verified, diversity of citizenship is lacking, and there is no basis to sustain federal jurisdiction on that ground.

## B.

### Federal Question Jurisdiction

First Federal also urges here that the complaint in the state action raised "substantial issues" of federal law because the activities of federal savings and loan associations are governed by the Home Owner's Loan Act of 1933 and because First Federal's "right to assess an acceleration charge" as provided in regulations promulgated pursuant to that Act "is implicitly challenged by Plaintiff's complaint."

Determination of whether a case "arises under" federal law within the scope of 28 U.S.C. 1331(a) (Supp. III 1979) is hardly an easy question. As one of the leading commentators in this field has written "it cannot be said that any clear test has yet been developed to determine which cases 'arise under' the Constitution, laws, or treaties of the United States." C. Wright, Law of Federal Courts 63–64 (3d ed. 1976). Although various tests have been suggested in Supreme Court opinions, the test that appears to have gained the most support is that suggested by Professor Mishkin: For original federal question jurisdiction there must be "a substantial claim founded 'directly' upon federal law." Mishkin, The Federal "Question" in the District Courts, 53 Colum.L.Rev. 157, 168 (1953).

■ "Not every question of federal law emerging in a suit is proof that a federal

law is the basis of the suit." *Gully v. First National Bank in Meridian,* 299 U.S. 109, 115, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). It is by now well established that the federal question must appear on the face of a well-pleaded complaint. Federal jurisdiction cannot be created by anticipating that a defense based on federal law will be filed to a claim based on state law. *Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■ The nature of the claim may be somewhat obscured when suit is started by seeking a declaratory judgment. In *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 672, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950), the Court stated that a declaratory judgment action that presented a federal issue did not itself create federal question jurisdiction if it merely anticipated a federal defense. As the Court stated, "To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act." *Id.* at 673–74, 70 S.Ct. at 879–80. In *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir. 1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), this court used similar analysis in a case somewhat analogous to this one. A declaratory judgment action filed in state court seeking a declaration of plaintiff's ownership and right to use its common law trademark was removed by defendant to federal court. Defendant asserted that the allegation in the complaint that defendant had threatened suit against plaintiff must be read to mean suit under the Lanham Act, a federal statute, and therefore the complaint raised a federal question. On appeal after determination on the merits, this court met the jurisdictional issue and rejected defendant's contention that a federal question had been raised. Judge Aldisert, speaking for the court, reiterated that in a declaratory judgment action, removal is improper unless the initial pleading in the state court manifests the federal question. *Id.* at 343–44.

Thus we must closely examine the complaint filed by Trent. In that complaint, Trent alleged that the penalty provision on which First Federal relied had been established by agreement between First Federal and the then-owner of the property in 1970, but had been extinguished in a renegotiation of the mortgage in 1972. Trent asserted that the imposition of an acceleration charge by First Federal under the circumstances "is against public policy and applicable law." Trent also asserted that the rate of interest had also been modified to 6% rather than 9¾%, and that if any penalty was due, it must be calculated at the 6% figure. In the second count, Trent alleged that the 1970 provision under which the owners paid First Federal 2% of the gross income from the property had also been extinguished by the 1972 modification, and demanded an accounting and return of such payment made to First Federal since 1972.

First Federal argues that the complaint raises federal questions requiring the construction and application of federal statutes, rules and regulations. Since the complaint does not expressly so state, First Federal construes the allegation in the complaint which charges that First Federal's imposition of an acceleration charge is "against public policy and applicable law" to refer to federal law. It also relies on the fact that the complaint alleges that First Federal is chartered by the United States and "is subject to and governed by the rules and regulations of the Federal Home Loan Bank Board."

To the extent that First Federal relies on its own federal status, its argument can be quickly disposed of. By explicit statute, Congress has provided that the federal courts shall not have jurisdiction on the ground that a corporation was incorporated by or under an Act of Congress unless the United States owns more than half the capital stock of the corporation. 28 U.S.C. § 1349 (1976).

Furthermore, we see nothing in the complaint itself to support First Federal's contention that the reference to "applicable law" which allegedly precludes imposition of an acceleration clause must mean federal law. On the contrary, it is apparent from the complaint that the action was one seeking only construction of the applicable contracts and claiming unjust enrichment. The parties may have recognized that in its defense, First Federal would claim, as it in fact did, that assessment of the acceleration charge was authorized by a specific regulation promulgated by the Federal Home Loan Bank Board, pursuant to its valid statutory authority,[1] and that such authorization preempts state law to the contrary. However, that potential federal defense cannot convert the complaint to one "arising under" federal law, since it is apparent that plaintiff did not base its claim on federal law.

In this respect, this case is similar to that considered by the Court in *Gully v. First National Bank in Meridian, supra.* There the Collector of Taxes of Mississippi sued in state court to collect taxes from a national bank. Defendant removed the case to federal district court where it proceeded to judgment in defendant's favor. The Supreme Court held removal was improper because the action did not arise under federal law. It rejected the defendant's claim that because federal law permitted the taxation of national banks, the suit arose under such law. Justice Cardozo, speaking for a unanimous Court, wrote:

> The most one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states.

299 U.S. at 117, 57 S.Ct. at 99. The precedent of *Gully* would appear to be dispositive of the claimed federal question jurisdiction.

First Federal argues that other authority in this court and elsewhere support its assertion of federal question jurisdiction. It relies on *Westmoreland Hospital Ass'n v. Blue Cross of Western Pennsylvania*, 605 F.2d 119 (3d Cir. 1979), *cert. denied*, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980), but that case is distinguishable because there, unlike here and in *La Chemise Lacoste*, the plaintiff's complaint introduced the federal question. We need not decide whether an original action by First Federal in which the complaint specifically referred to the federal regulations and sought declaratory and injunctive relief on the ground of federal preemption could be maintained in federal court. *See First Federal Savings & Loan Ass'n of Boston v. Greenwald*, 591 F.2d 417 (1st Cir. 1979); *Glendale Federal Savings & Loan Ass'n v. Fox*, 481 F.Supp. 616 (C.D.Cal.1979). That is not the situation presented here.

Another case on which First Federal relies, the recent Fourth Circuit opinion in *Williams v. First Federal Savings & Loan Ass'n of Arlington*, 651 F.2d 910 (4th Cir. 1981), can also be distinguished because of its somewhat unique circumstances. Four consolidated cases were appealed, each of which touched on the enforceability of due-on-sale clauses. In a footnote, the court considered its jurisdiction. It noted that federal jurisdiction clearly existed in one case because the parties were diverse. It stated that in another a federal question had been raised, apparently regarding the interpretation of the regulations promulgated by the Federal Home Loan Bank Board. The court did not specify which party raised the issue. The court acknowledged that the two remaining cases were "less certain as to jurisdiction" but stated that it would proceed on the belief that federal question jurisdiction was present. The court noted that its decision to do so made little difference because the same questions would be decided in the first two cases as were presented in the others. "If, in fact, they should have been dismissed for

---

1. The Federal Home Loan Bank Board has by regulation authorized federal associations to include due-on-sale clauses in mortgage loan contracts. 12 C.F.R. § 545.8–3(f) and (g) (1980).

want of jurisdiction, in view of the conclusions we have reached on the law, the result would not, because of *stare decisis*, significantly differ from a holding affirming the lower court." *Id.*, at 913 n.2. In view of this expression of doubt and the court's failure to articulate the reasons for its "belief" in federal jurisdiction, the *Williams* decision does not persuade us that federal question jurisdiction exists here.

There is a suggestion in several district court cases cited by First Federal that notwithstanding plaintiff's failure to plead a federal question or base its action on a federal statute or regulations, a federal court will have removal jurisdiction if federal laws are necessarily brought into play. *Bailey v. First Federal Savings & Loan Ass'n of Ottawa*, 467 F.Supp. 1139 (C.D.Ill. 1979); *First Federal Savings & Loan Ass'n of Jackson County v. First Federal Savings & Loan Ass'n of Huntsville*, 446 F.Supp. 210 (N.D.Ala.1978); *Rettig v. Arlington Heights Federal Savings & Loan Ass'n*, 405 F.Supp. 819 (N.D.Ill.1975). That proposition was set forth as follows in one of those cases: "Where federal substantive law is found to be controlling either by reason of the exclusive jurisdiction of the federal courts, or federal preemption, the suit is properly removable." *Rettig v. Arlington Heights Federal Savings & Loan Ass'n*, 405 F.Supp. at 823.

We believe there are significant differences in the two situations referred to by the *Rettig* court. Exclusive federal jurisdiction would deprive a state court of the power to hear the matter, and thus it goes to the most fundamental issue which can be raised before a court at any time, its jurisdiction to proceed. Although it might be appropriate to permit removal on the ground that the federal issue is unavoidable, which we do not decide here, once re-

moved the case must be dismissed under the rather quixotic reasoning that removal jurisdiction is derivative and the state court had no jurisdiction. *General Investment Co. v. Lake Shore & Michigan Southern Railway*, 260 U.S. 261, 287–88, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922).

In contrast to exclusive federal jurisdiction, preemption by federal statute or regulation may not be an unavoidable issue. Experienced litigators may almost certainly expect that a defendant will assert federal preemption if that doctrine supports its position, but this anticipated defense is indistinguishable for this purpose from the defense that federal law precludes maintenance of the state claim. Because the unavailability of removal in the latter situation is solidly entrenched, *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), we can find no basis for removal jurisdiction in the anticipated defense of federal preemption. Other courts of appeals have reached similar conclusions. *See Home Federal Savings and Loan Ass'n v. Insurance Department of Iowa*, 571 F.2d 423 (8th Cir. 1978); *Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654 (9th Cir. 1972).[2] First Federal's assertion that the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1337 (Supp. III 1979) because this case arises under a federal statute regulating commerce, *i. e.*, the Home Owners Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* (1976), is subject to the same defect.

### III.

We are cognizant that some frustration is inevitable by a holding on appeal that a matter which has proceeded to judgment for one of the parties must be re-

2. This case is unlike *Federated Dept. Stores, Inc. v. Moitie*, —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), where the Court refused to permit the plaintiffs to avoid federal removal jurisdiction by "artfully" casting their "essentially federal law claims" as state-law claims. *See id.* at —— n.2, 101 S.Ct. at 2427 n.2. Nor does this case present the situation, referred to in Justice Brennan's dissent in *Moitie*, where

the state law forming the basis of plaintiff's claim has been "pre-empted" by federal law. *Id.* at ——, 101 S.Ct. at 2431. Justice Brennan's reference was to cases in which the complaint "though ostensibly grounded solely on state law, is actually grounded on a claim in which federal law is the exclusive authority." *Id.*

manded to state court. Nonetheless, it is not a matter over which we have discretion. A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Mansfield, Coldwater & Lake Michigan Railway v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Whenever it appears "by suggestion of the parties or otherwise" that the court lacks jurisdiction of the subject matter, the action must be dismissed. Fed.R.Civ.P. 12(h)(3).[3] Under the removal provision of 28 U.S.C. § 1441 (1976), an action commenced in a state court may be removed to a federal district court only if that district court has original jurisdiction of the action.

Ordinarily under these circumstances, we would direct the district court to remand the action to state court. In this instance, because First Federal's counsel noted at oral argument that it had not had any opportunity to verify the allegation of citizenship of Trent's limited partners, we will remand to the district court so that it may determine whether any of Trent's partners, general or limited, is a citizen of Pennsylvania, thereby destroying diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). If so, the district court shall remand this matter to the state court. Each party shall bear its own costs.

---

**3.** Because the affidavit with supporting documents indicating lack of diversity was filed in this court pursuant to our inquiry, it did not appear in the district court record. We may nevertheless consider the issue because the record itself failed to establish any basis for federal jurisdiction. The "suggestion" of lack of jurisdiction may be made by a party in oral argument before a court of appeals, *Bishop v. NLRB*, 502 F.2d 1024 (5th Cir. 1974), or by motion before it. *Basso v. Utah Power & Light Co.*, 495 F.2d 906 (10th Cir. 1974).