FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE WORTH, a corporation organized and existing under the laws of the United States of America, Plaintiff-Appellant,

v.

Paul E. BROWN, et al., Defendants-Appellees.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF LAKE WORTH, Plaintiff-Appellant,

v.

Roy A. GOMES, et al., Defendants-Appellees.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE WORTH, Plaintiff-Appellant,

v.

Anthony PRIETO, et al., Defendants-Appellees.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF LAKE WORTH, Plaintiff-Appellant,

v.

Eugene MASSON, et al., Defendants-Appellees.

FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation organized and existing under the laws of the United States of America, Plaintiff-Appellant,

v.

Larry O. BAUER and Sandra D. Bauer, his wife; and David B. Hernandez, a single man, Defendants-Appellees.

CLEARWATER FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant,

v.

Ruth E. MILLS, Joyce E. Smith, HWB Employees Federal Credit Union, Defendants-Appellees.

Ned I. PRICE, Roberta, M. Price, Plaintiffs-Appellants,

v.

FLORIDA FEDERAL SAVINGS & LOAN ASSOCIATION, a Corporation, Defendant-Appellee.

FIRST FEDERAL SAVINGS & LOAN, et al., Plaintiffs-Appellees,

v.

H.B. PETERSON & Ruth Peterson, Defendants-Appellants.

MUTUAL FEDERAL SAVINGS & LOAN et al., Plaintiffs-Appellees,

v.

William M. ANGELO, et al., Defendants-Appellants.

MUTUAL FEDERAL SAVINGS & LOAN, Plaintiff-Appellee,

v.

PENSACOLA TRACTOR & EQUIPMENT et al., Defendants-Appellants.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GADSDEN COUNTY, Plaintiff-Appellee,

v.

H.B. PETERSON and Ruth E. Peterson, Defendants,

William M. Angelo and Debi P. Angelo, husband and wife; Tracy V. Herring and Brenda G. Herring, husband and wife; et al., Defendants-Appellants.

Nos. 82–5094 to 82–5097, 81–5303, 81–5309, 81–5969, 81–6105 and 81–6237.

United States Court of Appeals, Eleventh Circuit.

June 20, 1983.

Eugene E. Shuey, Norman L. Schroeder, II, Lake Worth, Fla., Montgomery, Lytal Reiter, Denney & Searcy, F. Gregory Barnhart, West Palm Beach, Fla., for First Federal Sav. and Loan Assn. of Lake Worth.

Scott, Burk, Royce & Harris, Gary J. Nagle, Palm Beach, Fla., for Brown, Gomes, Prieto and Masson, et al.

Stephen C. Chumbris, Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, Fla., for First Federal Sav. and Loan Assn.

Patrick F. Sprague, Sprague & Jeske, P.A., Tampa, Fla., for Bauer, et al.

Richards, Nodine, Gilkey, Fite, Meyer & Thompson, Dennis Thompson, Clearwater, Fla., for Clearwater Federal Sav. and Loan Assn.

Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Lawrence M. Watson, Jr., Edward A. Marod, Darryl M. Bloodworth, Orlando, Fla., Boyd & Smith, Joseph R. Boyd, Tallahassee, Fla., for Petersons.

Charles Sherrill, Pensacola, Fla., Charles R. Gardner, Tallahassee, Fla., for Pensacola Tractor.

John E. Gunther, Trial Counsel, Washington, D.C., for First Federal Sav. and Loan Assn. of Gadsden County.

W. Spencer Mitchem, G. Edison Holland, Jr., Pensacola, Fla., for Mut. Federal Sav. and Loan Assn. of Pensacola and Pensacola Tractor.

Anthony E. Fiorentino, Pensacola, Fla., for Fausz, Fiorentino and Schwartz.

Before HILL and HATCHETT, Circuit Judges, and HAYNSWORTH *, Senior Circuit Judge.

PER CURIAM:

Each of these cases involves a federally chartered savings and loan association seeking to enforce a due-on-sale clause in a mortgage. This clause allows a savings and loan to declare immediately due and payable all sums secured by the association's security instrument if the borrower transfers or sells all or any part of the real property securing the loan without the association's prior written consent. 12 C.F.R. § 545.8–3(f) (1982). In each case, a mortgagor seeks to transfer his property without the prior approval of the savings and loan. We have consolidated these actions upon our own motion, Fed.R.App.P. 3(b), and hold that we lack subject matter jurisdiction over the foreclosure actions and declaratory judgment actions brought by the associations. In the declaratory judgment action brought by subsequent buyers of property, we hold that we have jurisdiction and that federal law regulating the due-on-sale clause preempts contrary state law.

I. Procedural Background

These cases present three different procedural backgrounds. First, in cases No. 82–5094, *First Federal Savings and Loan Association v. Brown;* No. 82–5095, *First Federal Savings and Loan Association v. Gomes;* No. 82–5096, *First Federal Savings and Loan Association v. Prieto;* No. 82–5097, *First Federal Savings and Loan Association v. Masson;* No. 81–5303, *Florida Federal Savings and Loan Association v. Bauer;* and No. 81–5309, *Clearwater Federal Savings and Loan Association v. Mills,* the plaintiff savings and loans filed complaints in federal court seeking to foreclose mortgages on the basis of the due-on-sale clauses. The trial courts, 515 F.Supp. 869, dismissed the actions for lack of subject matter jurisdiction.

---

* Honorable Clement F. Haynsworth, Jr., U.S. Circuit Judge for the Fourth Circuit, sitting by designation.

No. 81–5969, *Price v. Florida Federal Savings and Loan Association,* embodies the second type of procedural posture. The Prices, buyers of property from prior mortgagors, filed this action in state court seeking a declaratory judgment determining the validity and enforceability of the due-on-sale provision. The savings and loan removed the case to federal court. The district court, 524 F.Supp. 175, exercised jurisdiction and granted the savings and loan summary judgment.

The final class of cases consists of No. 81–6105, *First Federal Savings and Loan Association v. Peterson,* and No. 81–6237, *First Federal Savings and Loan Association v. Angelo.* In these cases the plaintiff savings and loans brought declaratory judgment actions in federal court. The district courts, 516 F.Supp. 732, held that they possessed subject matter jurisdiction.

## II. Jurisdiction

We must first determine whether we have subject matter jurisdiction to hear these cases. Our jurisdiction in the third class of cases, where the plaintiff savings and loans filed declaratory judgment actions in federal court, is coextensive with that of the first group, where the plaintiff associations filed complaints in federal court to foreclose the mortgages. The federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 (1976), does not expand federal jurisdiction; the Act merely creates a new remedy in cases or controversies for which an independent basis of federal jurisdiction exists. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Commercial Metals Co. v. Balfour, Guthrie & Co.,* 577 F.2d 264 (5th Cir.1978).

In the first and third groups of cases, the savings and loans have asserted federal question jurisdiction pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1337. We hold that the court lacks jurisdiction in these cases. A case does not present a federal question of the sort necessary to confer subject matter jurisdiction pursuant to these statutes where it merely anticipates a federal question defense which the defendant might raise; nor does a case present such a federal question where it anticipates a federal question response to a non-federal defense which the defendants might raise. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Allegheny Airlines, Inc. v. Pennsylvania Public Utility Commission,* 319 F.Supp. 407 (E.D.Pa.1970), *aff'd,* 465 F.2d 237 (3d Cir.1972), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1367, 35 L.Ed.2d 609 (1973).

In these actions, the associations claim that the following federal questions are raised:

1. Are the due-on-sale provisions legal and enforceable?

2. Do federal regulations governing the lending practices of federally chartered savings and loan associations which authorize inclusion of these due-on-sale clauses, 12 C.F.R. § 545.-8–3(f) (1982), preempt contrary state law?

3. Does the authority of the savings and loan associations "to invest in, sell, or otherwise deal" in loans or other investments in or on the security of a first lien upon residential real property subject to regulations of the Federal Home Loan Bank Board preempt contrary state law?

These questions do not form the basis of any complaint to foreclose a mortgage or to collect a note. These questions could arise only if, in response to a foreclosure or a collection suit, the mortgagor or his successor asserted affirmative defenses challenging the enforceability of the due-on-sale clause and the association then attempted to avoid the application of that defense on the ground of federal preemption. The federal question must appear on the face of a well-pleaded complaint. *See Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

The situations presented in the third class of cases is similar to the situation presented in *Skelly Oil Co. v. Phillips Petroleum Co.* As in *Skelly Oil,* the associations sought a declaration of the validity or enforceability of certain contractual clauses allegedly authorized by federal law. As in *Skelly,* the savings and loan associations' coercive remedies would arise solely under state law for breach of contract. Holding that such a suit did not present a federal question, the *Skelly* Court stated:

> ... to sanction suits for declaratory relief as within the jurisdiction of the district courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act.

339 U.S. at 673–74, 70 S.Ct. at 879–80. *See Commercial Metals Co. v. Balfour, Guthrie & Co.,* 577 F.2d 264, 266–68 (5th Cir.1978). We therefore hold that we lack jurisdiction in the first and third classes of cases.

■ The procedural posture of No. 81–5969 presents a different situation. In this action, the subsequent purchasers of real property filed a declaratory judgment action in state court challenging the validity of the due-on-sale clause. In determining both removability and subject matter jurisdiction, we examine the face of the plaintiffs' state court complaint. *See Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Rath Packing Co. v. Beckner,* 530 F.2d 1295, 1303 (9th Cir.1975), *cert. denied,* 430 U.S. 954, 97 S.Ct. 1597, 51 L.Ed.2d 803 (1977). The plaintiffs in this action have asserted in their complaint that the due-on-sale clause found in the mortgage of a federally chartered savings and loan association is not enforceable since it violates Florida law. Where the rights which plaintiff asserts would be supported if a federal statute or regulation is given one construction and defeated if given another, federal question jurisdiction exists. *Smith v. Kansas City Title and Trust Co.,* 255 U.S. 180, 41 S.Ct.

243, 65 L.Ed. 577 (1921). We hold that plaintiffs have stated a federal question on the face of the complaint in No. 81–5969 giving us subject matter jurisdiction.

### III. Preemption

Plaintiffs in No. 81–5969 argue that Florida law prohibits application of the due-on-sale provision. Specifically, the Prices argue that the clause constitutes an unreasonable restraint upon a property owner's right to transfer his property and that the clause can not be enforced without a showing that the association's security interest has been impaired by the proposed transfer.

■ We find it unnecessary to address these contentions and hold that the Federal Home Bank Board's regulations governing due-on-sale provisions preempts state law limitations on the due-on-sale practices of federal savings and loan associations. *Fidelity Federal Savings and Loan Association v. de la Cuesta,* —— U.S. ——, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). "Where Congress has directed an administrator to exercise his discretion, his judgments are subject to judicial review only to determine whether he has exceeded his statutory authority or acted arbitrarily." *Id.* 102 S.Ct. at 3022. Florida Federal Savings and Loan Association may enforce its rights under its due-on-sale provision included in the mortgage as authorized by the Board. *See* 12 C.F.R. § 545.8–3(f) and (g) (1982).

### IV. Conclusion

Having held that the declaratory judgment and enforcement actions brought by the savings and loans do not present federal questions, we dispose of these cases as follows:

No. 82–5094, *First Federal Savings and Loan Association v. Brown:* AFFIRMED

No. 82–5095, *First Federal Savings and Loan Association v. Gomes:* AFFIRMED

No. 82–5096, *First Federal Savings and Loan Association v. Prieto:* AFFIRMED.

No. 82–5097, *First Federal Savings and Loan Association v. Masson:* AFFIRMED

No. 81–5303, *Florida Federal Savings and Loan Association v. Bauer:* AFFIRMED

No. 81–5309, *Clearwater Federal Savings and Loan Association v. Mills:* AFFIRMED.

No. 81–6105, *First Federal Savings and Loan Association v. Peterson:* REVERSED.

No. 81–6237, *First Federal Savings and Loan Association v. Angelo:* REVERSED.

Having held that the Board's regulation of due-on-sale clauses preempts contrary state law, the judgment in the subsequent purchaser's declaratory judgment action, No. 81–5969, *Price v. Florida Savings and Loan Association* is AFFIRMED.