Charles W. HEIDT and Carole A. Heidt, his wife, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

MID-STATE FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation organized under the laws of the United States of America, Defendant.

No. 82-21-Civ-Oc-16.

United States District Court, M.D. Florida, Ocala Division.

Oct. 5, 1984.

H. Randolph Klein, Klein & Klein, Ocala, Fla., for plaintiffs.

Kenneth H. MacKay, Jr., MacKay & Ranew, John P. McKeever, Pattillo & McKeever, Ocala, Fla., for defendant.

## ORDER AND OPINION

JOHN H. MOORE, II, District Judge.

This action was removed from state court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. For the reasons that follow, the Court finds that federal question jurisdiction does not exist and remand to the state court is proper. *See* Fed.R.Civ.P. 12(h)(3).

Plaintiffs are current owners of real property in Marion County, Florida which is subject to a mortgage held by defendant since 1972. This mortgage contains a due-on-sale clause; that is, a mortgage acceleration clause empowering the lender to accelerate a mortgage to maturity when the encumbered property is transferred without the lender's consent. When the prior owners of the property sought defendant's permission to convey the property to plaintiffs, defendant conditioned its consent on plaintiffs' entering a Mortgage Modification Assumption Agreement increasing the interest rate from 7.5 to 10.5 per cent per annum. Plaintiffs executed and delivered this agreement on August 30, 1979, the date of closing.

■ The well-established rule that the federal question must appear on the face of a well-pleaded complaint applies in removal cases. *See Tennessee v. Union and Planters Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1892). The allegations of the complaint must therefore be closely examined for issues arising under federal law.

In this case, plaintiff essentially alleges that use of the due-on-sale clause to compel an increase in interest rates is not authorized by the terms of the mortgage, regulations governing the activity of federal savings and loans, or Florida law. Plaintiff accordingly seeks declaratory and injunctive relief, recision of the Mortgage Modification Assumption Agreement, and damages for breach of contract and unjust enrichment.

■ The contention that defendant's use of the due-on-sale clause is unauthorized by the mortgage clearly raises a state law question of contract interpretation. Defendant's status as a federally chartered savings and loan is an insufficient basis for federal question jurisdiction. *See Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n,* 657 F.2d 29 (3d Cir.1981).

■ The allegation that defendant's use of the due-on-sale clause is unauthorized by the regulations governing federal savings and loans likewise fails to raise a federal question. To make out a prima facie case for the relief sought in this action, plaintiffs need only have proved the mortgage contained a due-on-sale clause that was invoked by the mortgagee solely to increase interest rates. *See Smart v. First Fed. Sav. & Loan Ass'n,* 500 F.Supp. 1147 (E.D.Mich.1980). Federal question jurisdiction does not exist if the complaint raises federal issues that are not required by sound pleading rules. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Plaintiffs in this action apparently realized that defendant would assert a defense that its invocation of the due-on-sale clause was authorized by federal regulations. However, the law is clear that a passing reference to federal law merely in anticipation of a potential federal defense is insufficient to convert a complaint into one arising under federal law. *See Louisville and Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Trent Realty,* 657 F.2d at 34.

Finally, plaintiff asserts that defendant's use of the due-on-sale clause violates state law which allegedly permits enforcement of due-on-sale clauses only upon a showing that the mortgagee's security has been impaired. A careful analysis of this claim reveals that it, too, fails to raise a federal question. At first blush, the contention that defendant has violated Florida law plainly raises a state law issue. Federal law would arise only if defendant asserted that federal regulations authorize defendant's activity and that federal law preempts

state law in this area. Several cases involving facts similar to those in the instant case have therefore held that federal question jurisdiction is lacking because the federal claim did not appear on the face of the complaint. *See Trent Realty, supra; Schultz v. Coral Gables Fed. Sav. & Loan Ass'n,* 505 F.Supp. 1003 (S.D.Fla.1981); *Smart, supra; People v. Glendale Sav. & Loan Ass'n,* 475 F.Supp. 728 (C.D.Cal. 1979).

■ However, because the complaint in this action seeks declaratory relief, application of the well-pleaded complaint rule is less straightforward. Federal jurisdiction exists over a declaratory judgment claim in situations where a coercive action to enforce rights asserted in the declaratory judgment suit would raise a federal question. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). This rule applies to actions brought under state declaratory judgment statutes as well as the federal Declaratory Judgment Act. *Franchise Tax Bd. v. Constr. Laborers Vac. Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In this case, defendant could enforce any right to employ the due-on-sale clause to raise interest rates by bringing a coercive action to foreclose the mortgage. Because the rules of pleading do not require allegations of federal preemption in stating a cause of action for foreclosure, such an action would not raise a federal question. Federal preemption would arise merely in anticipation of the mortgagor's defense that the due-on-sale clause violates state law. *See First Fed. Sav. & Loan Ass'n v. Brown,* 707 F.2d 1217 (11th Cir.1983); *Coral Gables Fed. Sav. & Loan Ass'n v. Harbert,* 527 F.Supp. 284 (S.D.Fla.1981); *Florida Sav. & Loan Ass'n v. Bauer,* 515 F.Supp. 869 (M.D.Fla.1981).

In *Brown, supra,* the Eleventh Circuit held that jurisdiction did exist in a declaratory judgment action brought by subsequent purchasers challenging the validity of a due-on-sale clause under Florida law. The court based its finding of jurisdiction on the principle that "where the rights which plaintiff asserts would be supported if a federal statute or regulation is given one construction and defeated if given another, federal question jurisdiction exists." 707 F.2d at 1221. However, *Brown* was decided just days prior to the United States Supreme Court decision in *Franchise Tax Board, supra,* which expressly held that federal question jurisdiction does not necessarily lie when the relief sought in the complaint requires an adjudication of federal law issues.

■ *Franchise Tax Board* provides a framework for determining whether federal question jurisdiction exists when federal preemption is an issue in the case. If defendant raises a preemption defense to plaintiff's state law claim, asserting that federal law cuts off some aspect of state law, the well-pleaded complaint rule precludes removal because plaintiff's complaint does not raise a federal question. On the other hand, if defendant raises a preemption defense to plaintiffs' state law claim, asserting that federal law replaces plaintiffs' state law claim, so that plaintiffs' claim is in actuality a federal cause of action, removal is proper. In this latter situation, defendant claims that federal law completely covers the field and provides the only remedy available to plaintiff. *See, e.g., Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The *Franchise Tax Board* Court indicated a state law claim has been entirely replaced, rather than simply cut off, by federal law when 1) the state law claim is of "central concern" to the allegedly preemptive legislation and 2) the legislation has created an alternative federal cause of action for plaintiff to enforce its rights.

In this case, the allegedly preemptive legislation is a regulation concerning the enforcement of due-on-sale clauses issued by the Federal Home Loan Bank Board, 12 C.F.R. 545.8–3(f) (1976). *See Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta,* 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). Assuming, without deciding, that

this regulation enacted in 1976 had as its "central concern" the enforcement of due-on-sale clauses in mortgages executed prior to 1976, federal question jurisdiction does not lie because the second part of the *Franchise Tax Board* test is not satisfied. The federal regulations provide no procedure for a distinct cause of action in federal court to enforce the due-on-sale clause.

Applying the well-pleaded complaint rule and the *Franchise Tax Board* decision, this Court thus fails to find a federal question within the meaning of 28 U.S.C. § 1331. Accordingly, it is hereby:

ORDERED and ADJUDGED that this action be and the same is hereby REMANDED to the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.