**UNIFIRST BANK FOR SAVINGS, F.A., Plaintiff,**

v.

**BROADMOOR APARTMENTS OF TUPELO, Broadmoor Apartments of Meridian, Grandview Realty, Inc., Southmark Realty Partners, San Jacinto Savings Association, Defendants.**

Civ. A. No. J85–0409(L).

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 20, 1985.

Dalton McGee, Jr., Patrick F. McAllister, Scott, Hetrick and McGee, Jackson, Miss., for plaintiff.

L.F. Sams, Jr. and Jean Magee Young, Tupelo, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff, Unifirst Bank for Savings, F.A. (Unifirst), a federally chartered savings bank organized under the laws of the United States of America and the State of Mississippi, brought this suit against the defendants for judgment that due-on-sale clauses in deeds of trust executed by Broadmoor Apartments of Tupelo (Broadmoor Tupelo) and by Broadmoor Apartments of Meridian (Broadmoor Meridian) and Grandview Realty, Inc. (Grandview) [1] are valid and enforceable, that those defendants are in default and the notes secured by the respective deeds of trust are now due and payable in full, and that the plaintiff is entitled to compensatory damages, attorney fees and costs. Unifirst also names as defendants Southmark Realty Partners, Ltd. and San Jacinto Savings Association, the purchasers of the property covered by the deeds of trust. Defendants have filed a renewed motion to dismiss alleging that this court has neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332.

■ Plaintiff asserts that this court has federal question jurisdiction in that its right to enforce the due-on-sale clauses arises under federal law and regulations of the Federal Home Loan Bank Board. In *First Federal Savings and Loan Association v. Brown*, 707 F.2d 1217 (11th Cir. 1983), the Eleventh Circuit affirmed the district court's dismissal for lack of federal question jurisdiction in actions brought by federal savings and loan associations [2] for declaratory judgment that due-on-sale clauses in the mortgages were valid and enforceable [3] and to foreclose mortgages. The court stated:

A case does not present a federal question of the sort necessary to confer sub-

1. Grandview is the successor in interest to Jug Land Factory, Inc. which actually executed the deed of trust.

2. The Eleventh Circuit's opinion dealt with 11 cases consolidated for appeal which the court divided into 3 categories: the two addressed above in text and cases brought by prospective purchasers for declaratory judgment that the due-on-sale clauses were not enforceable. The district court had found federal question juris-

diction in the last category and the Eleventh Circuit reversed.

3. In the cases brought for declaratory judgment, the savings and loan associations raised the questions of whether the due-on-sale clauses were enforceable and whether 12 C.F.R. § 545.-8–3(f) (1982) preempted state law which did not allow enforcement of due on sale clauses.

ject matter jurisdiction pursuant to these statutes where it merely anticipates a federal question defense which the defendant might raise; nor does a case present such a federal question where it anticipates a federal question response to a non-federal defense which the defendants might raise.

707 F.2d at 1220 (citations omitted). Here, as in *First Federal,* the plaintiff's complaint merely anticipates a federal question defense or a federal response to a non-federal defense. Accordingly, this court is of the opinion that it does not have federal question jurisdiction.

 Plaintiff also asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332. The parties agree that Unifirst, which has its principal place of business in Jackson, Mississippi, is a resident of the State of Mississippi for diversity purposes. Defendants' motion to dismiss focuses on the citizenship of Southmark, which is a limited partnership whose sole general partner is a resident of the State of New York; however, five of Southmark's limited partners are citizens of the State of Mississippi.[4] Plaintiff relies on *Navarro Savings Association v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), for the use of a "real party in interest" test to determine the citizenship of a limited partnership. The *Navarro* Court cited with approval its earlier decision in *Great Southern Fire Proof Hotel v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900), wherein it had held that the citizenship of all members of a limited partnership must be considered in determining whether diversity jurisdiction exists. In his dissent from the majority opinion in *Navarro,* Justice Blackmun noted this distinction, stating:

> I am particularly troubled by the Court's intimation that business trusts are to be treated differently from functionally analogous business associations—partnerships, limited partnerships, joint stock companies, and the like.

446 U.S. at 475, 100 S.Ct. at 1789 (Blackmun, J., dissenting). This court is of the opinion that, because defendant Southmark has limited partners who are citizens of Mississippi and plaintiff is a citizen of Mississippi for diversity purposes, it lacks jurisdiction of this action under 28 U.S.C. § 1332.

Accordingly, the court is of the opinion that defendants' motion to dismiss should be granted. A separate judgment shall be submitted in accordance with the local rules.

---

**4.** Defendants' renewed motion to dismiss states that five of Southmark's limited partners are Mississippi residents. In its brief in opposition to the motion, plaintiff states that those Mississippi residents are included as limited partners in Southmark's certificate of registration filed with the Mississippi Secretary of State.