George WATSON and Battery Sailing Club, Inc., Plaintiffs,

v.

S.G.M., LTD., et al., Defendants.

Civ. A. No. 87–2090–S.

United States District Court,
D. Kansas.

Feb. 12, 1988.

Bernis G. Terry, Olathe, Kan., for plaintiffs.

R.J. Campbell, Loren W. Moll, Brown, Koralchik & Fingersh, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction. The parties agree on all the relevant facts for purposes of this motion; the only issue concerns which line of authority to follow in determining the citizenship of a limited partnership. If the citizenship of all partners, both limited and general, is to be considered, then diversity is lacking and the case must be dismissed.

If the court considers only the general partner's citizenship for purposes of diversity, subject matter jurisdiction exists.

As the parties have recognized, the circuit courts of appeals have split on the issue. The Third, Fourth, and Seventh Circuits consider the citizenship of all partners. *See Stockman v. LaCroix*, 790 F.2d 584 (7th Cir.1986); *New York State Teachers Retirement System v. Kalkus*, 764 F.2d 1015 (4th Cir.1985); *Trent Realty Assocs. v. First Fed. Sav. and Loan Ass'n*, 657 F.2d 29 (3d Cir.1981). The Second and Fifth Circuits take into account only the general partners' citizenship for diversity purposes. *See Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp.*, 797 F.2d 238 (5th Cir.1986); *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). The District of Columbia Court of Appeals, in stating that "jurisdiction stands or falls on the citizenship of [the] individual partners," *Anchorage–Hynning & Co. v. Moringiello*, 697 F.2d 356, 257 n. 1 (D.C.Cir.1983), cited as its authority the *Colonial Realty* decision, thereby intimating that it would follow the Second Circuit. The parties have noted that while one judge in this district has looked only to the citizenship of the general partners, *see Petroleum Data Serv., Inc. v. First City Bancorporation of Texas, Inc.*, 622 F.Supp. 1022 (D. Kan. 1985) (per Judge Kelly), neither the Tenth Circuit nor the United States Supreme Court have directly addressed the issue.

The court has found at least one Tenth Circuit case, albeit a dated one, supporting defendants' argument that the presence of a nondiverse limited partner destroys jurisdiction. In *Manufacturers Casualty Ins. Co. v. Arapahoe Drilling Co.*, 267 F.2d 5 (10th Cir.1959), the court, in describing the proceedings in the district court, noted, "It was ... discovered that a limited partner of Arapahoe Drilling Company was a resident of New Mexico, as was the plaintiff, and that as a consequence the only basis for the claim of federal jurisdiction, diversity, was lacking." *Id.* at 6. Prior to this discovery, the trial court had entered summary judgment on a counterclaim against

an intervening plaintiff, an independent claim for which diversity did exist. Upon discovering the lack of diversity between the original plaintiff and the defendant, the court dismissed the main case for lack of jurisdiction and vacated the previous order granting summary judgment. The only matter appealed was the order vacating the granting of summary judgment, and the Tenth Circuit found no error in the district court's decision. While this decision may constitute some authority, the lack of analysis and the date of the opinion certainly opens it up to examination.

The court believes that adherence to a bright-line rule concerning the citizenship of a limited partnership is inappropriate. The court prefers to follow the analysis discussed briefly in *Missouri–Indiana Inv. Group v. Shaw*, 699 F.2d 952 (8th Cir. 1983). Therein the court recognized that it may be necessary to go beyond the formal title of a limited partner and determine exactly what status the person holds, *i.e.*, is the limited partner conducting him- or herself like a limited partner, or is he or she participating in the affairs of the limited partnership to such an extent that state law would treat the person as a general partner? The Eighth Circuit stated that if the limited partner is closely involved with the day-to-day operation of the partnership, the limited partner might be treated as a general partner for purposes of diversity of citizenship. *Id.* at 957 n. 6. This analysis assumes, of course, that if the limited partner is truly acting as a limited partner, then the citizenship of the general partners alone will determine the citizenship of the partnership. This is based on a concept of "real party in interest." In *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), in determining the citizenship of a business trust, the Court had to decide whether to rely on the citizenship of the beneficiaries or the trustees. The Court determined that the citizenship of the real parties to the controversy would be determinative. This group was defined as those with the power to own, manage and control the assets of the trust and to control its litigation. In *Navarro Savings Ass'n*, this meant the trustees. As applied to a limited partnership, the general partners, as well as those limited partners who are acting beyond their defined role and who have assumed the management and control of the limited partnership, constitute the real parties in interest, and the citizenship of each of these persons should be considered for diversity purposes. *See generally Mesa Operating Ltd. Partnership*, 797 F.2d at 240–43.

Based on the analysis above, the court finds that this lawsuit is not presently susceptible to dismissal for lack of subject matter jurisdiction. The defendants are welcome to file a supplemental motion to dismiss upon submission of evidence establishing that limited partner Joseph J. Keenan went beyond his role and assumed the position of a de facto general partner, such that state law would disregard his formal title for purposes of individual personal liability. Of course, defendants would also be permitted to supplement their argument with any intervening persuasive legal authority.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction be denied.